## SETTLE *v.* McWHORTER *et al.*

ATKINSON, Justice. 1. A proceeding for contempt in violation of a mandamus absolute is so connected with the mandamus that a writ of error to review a judgment therein should be treated as a case involving an extraordinary remedy within the constitutional provision conferring jurisdiction upon this court. *Ficklen.* v. *Washington,* 141 *Ga.* 441 (81 S. E.

123); *Odom* v. *McDilda,* 155 *Ga.* 688 (117 S. E. 649); *Smith* v. *Lott,* 156 *Ga.* 590 (119 S. E. 400, 30 A. L. R. 145); *Tomlin* v. *Rome Stove & Range Co.,* 183 *Ga.* 183 (187 S. E. 879); *Powell* v. *Powell,* 200 *Ga.* 379 (37 S. E. 2d, 191); *Wagner* v. *Commercial Printers,* 203 *Ga.* 1 (45 S. E. 2d, 205).

2. Under the doctrine of estoppel by judgment, a mandamus order requiring the defendants to issue to the plaintiff a permit to operate taxicabs, which on review by this court was affirmed, is conclusive against the defendants in a subsequent proceeding for contempt. *Powell* v. *Powell,* 200 *Ga.* 379 (2), supra.

3. Under the pleadings and evidence, which showed that the defendants refused to issue "a permit to operate taxicabs," but that they by adoption of a resolution limited the plaintiff to the operation of only four taxicabs, the trial court abused its discretion in holding that the defendants had purged themselves of contempt.

*Judgment reversed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 15988.   NOVEMBER 14, 1947.

· *F. C. Shackelford, John L. Green,* and *James Barrow,* for plaintiff.

*Rupert A. Brown, Carlisle Cobb,* and *Abit Nix,* for defendants.