## 29384. DeLOACH v. THELEN et al.

NICHOLS, Presiding Justice.

The plaintiff in the trial court filed a complaint seeking an injunction, actual damages and punitive damages resulting from the alleged installation of a fence on his property. The named defendants were the adjoining property owners and Sears, Roebuck & Co. The trial court granted the motion of Sears, Roebuck & Co. for a summary judgment, certified the same for immediate review and the present appeal was filed.

The complaint as amended alleged that the actual installation of the fence was done by the employees or agents of Sears, Roebuck & Co. The motion for summary judgment, and the evidence presented in support thereof, sought to show that such installation was done by an independent contractor, that the other defendants assumed sole responsibility for the location of such fence and that a judgment for the defendant Sears, Roebuck & Co. was demanded.

The contract between Sears, Roebuck & Co. and its customer calling for the installation of such fence provided in part: "Customer hereby authorized Sears to arrange with a qualified contractor (licensed if required by law) to install said materials on said property as provided herein (it being understood that Sears will not install said materials) and to pay said contractor his charge for said installation upon completion thereof (said contractor's charge being included in the total price stated herein), all such arrangements with and payments to contractor to be solely on behalf of Customer."

The contract between Sears, Roebuck & Co. and the installer designates the installer as a "contractor." Such contract provides in part: "Second: Contractor agrees that he will not do any extra work on any of said jobs not specified in the written proposal to customer signed by customer or in the general order to contractor submitted by Sears for customer, without express written instructions signed by Sears on behalf of customer. The general order to contractor shall specify the installation charge to be made by contractor based on the schedule of contractor's charges attached hereto, signed by the parties and made a part hereof, which said schedule of charges shall remain in force until mutually satisfactory revisions thereof shall have been agreed to in writing by contractor and Sears. It is agreed that Sears, on behalf of each of its customers, will pay contractor the installation charge specified on said general order to contractor, and that contractor will look to Sears as the paying agent for its customers for such payment. The charge to customers collected by Sears shall include, in addition to the charge to be made by contractor, a sum determined by Sears as consideration for its handling the account for customer . . . Sixth: Contractor agrees to employ sufficient competent adult workmen to complete each job with utmost dispatch, it being agreed that contractor is an independent contractor and has the sole and exclusive right to hire and discharge any workman at his discretion and is to have full charge, control and supervision over all of his employees. It is agreed, however, that in the event any customer is not satisfied with the workmanship on, or the progress of any job, that Sears, as the agent for customer,

shall have the right to notify contractor in which event, if requested by Sears, contractor will immediately withdraw his workmen from said job."

" 'In determining whether a person was an independent contractor or an employee, the courts have applied the standard laid down in Code § 105-502 (5) as to whether the alleged employer retained the right to direct or control the time and manner of executing the work.' *Griffin v. Hardware Mutual Ins. Co.,* 93 Ga. App. 801, 804 (92 SE2d 871). 'The act of the employer in identifying the work, or pointing out to the contractor where the work is to be performed, is not an interference with, or direction or control of, the manner of the work's execution.' *Edmondson v. Town of Morven,* 41 Ga. App. 209 (3) (152 SE 280). See Code § 105-501; *Quinan v. Standard Fuel Supply Co.,* 25 Ga. App. 47 (102 SE 543); *Robbins Home Improvement Co. v. Guthrie,* 213 Ga. 138 (97 SE2d 153)." *Newsome v. Dunn,* 103 Ga. App. 656, (120 SE2d 205).

Under the terms of the contracts between the property owner and Sears, and between Sears and the installer of the fence in question, the relationship of the installer with Sears, Roebuck & Co. is that of an independent contractor.

The contractual arrangement requiring the subcontractor to complete the work with utmost dispatch and to immediately withdraw his workmen from the job in the event that any customer is not satisfied with the workmanship or progress being made does not convert such relationship into that of employer and employee.

The interrogatories of the property owners purchasing the fence from Sears, Roebuck & Co. when read in connection with their depositions, shows that the statement in the interrogatories that the fence was installed by employees of Sears, Roebuck & Co., was a mere conclusion which is unsupported by any fact presented in opposition to the motion for summary judgment.

The trial court did not err in granting the motion of Sears, Roebuck & Co. for summary judgment.

*Judgment affirmed. All the Justices concur.*

ARGUED NOVEMBER 13, 1974 — DECIDED DECEMBER 3, 1974.

*Bennett, Saliba & Wisenbaker, Walter F. Newsom, Reginald C. Wisenbaker,* for appellant.

*Blackburn & Bright, Wilton E. Stone, Tillman, Brice, McTier & Coleman, George T. Talley,* for appellees.