33441, 33442. EMPLOYEES RETIREMENT SYSTEM
OF GEORGIA v. BAUGHMAN et al.; and vice versa.

NICHOLS, Chief Justice.

The Employees Retirement System of Georgia (ERS) appeals from the judgment of the trial court insofar as it holds that the appellees, who presently are employees of the State Department of Human Resources and members of the ERS, are entitled under Ga. L. 1971, p. 93 (Code Ann. § 40-2503 (14)) and Ga. L. 1971, pp. 96, 97 (Code Ann. § 40-2505.1) to creditable service under the ERS based upon their previous service in the Fulton County Department of Family & Children Services (FCDFCS).

The employees cross appeal from the portion of the judgment denying retirement credits for academic leave taken during the periods of service in question. They also seek attorney fees based upon the alleged bad faith refusal of the ERS to grant them creditable service.

1. The parties have stipulated all relevant facts. The ERS contends that the employees' service with the FCDFCS was not "State employment" within the meaning of the phrase "full-time State employment" as used in Ga. L. 1971, pp. 96, 97 (Code Ann. § 40-2505.1).

In *MacNeill v. Wood,* 198 Ga. 150 (31 SE2d 14) (1944), this court held that employees of the Fulton County Welfare Department, the predecessor of the FCDFCS, were not "county employees" within the meaning of a constitutional amendment authorizing the General Assembly to establish a retirement system for employees of Fulton County and for Fulton County school system employees. This court said that "employees of the county [welfare] department are neither county nor State employees, but are employees of both the State and the

county departments." 198 Ga. at 156.

The practical result of the *MacNeill* decision was to deny Fulton County Welfare Department employees coverage under the Fulton County General Employees Pension Fund and under the ERS until by law and constitutional amendment they later were included in the Fulton County pension fund. See Ga. L. 1939, pp. 39, 571; Ga. L. 1943, p. 994; Ga. L. 1947, pp. 625, 749; and Ga. L. 1949, pp. 138, 850.

Thereafter, the Acts of the General Assembly pertaining to the various county departments of family and children services were changed substantially so as to place control of their operations under the commissioner of human resources. See Code Ann. §§ 99-503, 99-504, and 99-507.

At present, the commissioner of the State Department of Human Resources has authority "to transfer from one county to another or from one district to another any employee of a county department of family and children services." Code Ann. § 99-504. Such control over employees is the prime indicia of an employer-employee relationship. See *Griffin v. Hardware Mut. Ins. Co.,* 93 Ga. App. 801, 803, 804 (92 SE2d 871) (1956); *DeLoach v. Thelen,* 233 Ga. 350 (211 SE2d 304) (1974).

The parties concede that the transfer of an employee from the Fulton County office to another office would deprive the employee of his ability to accrue retirement credit under the Fulton County pension fund. To correct this injustice, the General Assembly enacted Ga. L. 1971, p. 93 (Code Ann. § 40-2503 (14)), thereby allowing a former FCDFCS employee to buy creditable service with the ERS by paying to the ERS the employee contributions that would have been paid had he been a member of the ERS during the period of service for which he seeks to establish credit. As to the proper rule of statutory construction, see *Acree v. State,* 122 Ga. 144 (50 SE 180) (1905).

The employees in question were engaged in "full-time State employment" within the meaning of Ga. L. 1971, pp. 96, 97 (Code Ann. § 40-2505.1) during the period of their service with the FCDFCS and its legal

predecessors. The judgment of the trial court upholding their right to buy creditable service under the ERS by complying with Ga. L. 1971, p. 93 (Code Ann. § 40-2503 (14)) is correct and is affirmed.

2. The trial court erred in holding that the employees were not engaged in "full-time State employment" while on academic leave from their jobs with the FCDFCS. See *Griffin v. Hardware Mut. Ins. Co.* and *DeLoach v. Thelen,* both supra. The trial court should have construed Ga. L. 1971, pp. 96, 97 (Code Ann. § 40-2505.1) liberally in favor of the employees. *City of Macon v. Herrington,* 198 Ga. 576, 589 (2) (32 SE2d 517) (1944).

The parties stipulated all relevant facts. During the periods of time in question, the employees were under written contracts, individually, with the state pursuant to which they were granted "educational leave" in order to attend the University of Georgia. The state had a right to terminate the agreement if the person failed to maintain academic standards satisfactory to the school or the state. The employees were paid by the state a monthly scholarship plus tuition and fees. They were maintained on the payroll and received three-quarters of their salaries, 90 percent of which was paid from state funds. Their contracts obligated them to work for the State Department of Human Resources, subject to State Merit System regulations, for two months for each month they were in school or, in lieu thereof, to repay the state in cash. They were, in fact, required to devote their full time to their studies, which was precisely what the state wanted from them during the periods of time in question. They clearly were directly subject to the control of the state during the times in question.

3. The claim for attorney fees for alleged bad faith refusal to allow the retirement credits sought by the employees was abandoned in the trial court. No evidence was presented to the trial court as to the alleged bad faith. The trial court did not rule on the issue. Accordingly, nothing is presented to this court for decision on this issue.

*Judgment affirmed on appeal; reversed on cross appeal. All the Justices concur.*

ARGUED APRIL 11, 1978 — DECIDED MAY 2, 1978 —
REHEARING DENIED MAY 23, 1978.

*Arthur K. Bolton, Attorney General, Carl C. Jones, Assistant Attorney General,* for appellant.
*Parker & Ferguson, John Tye Ferguson,* for appellees.