A89A1245. DEPARTMENT OF TRANSPORTATION v. B & G
REALTY, INC. et al.
(388 SE2d 749)

McMurray, Presiding Judge.

This appeal arises from condemnation proceedings initiated by the Department of Transportation ("DOT"), acting for and in behalf of the State of Georgia, against property owned by appellees. After the property was condemned, appellees filed a petition pursuant to OCGA § 32-3-11 seeking to set aside, vacate and annul the declaration of taking together with any title acquired thereby. A second count was added to the complaint by amendment alleging trespass on the part of DOT and demanding actual and punitive damages. A hearing was held in the superior court, which entered an order containing detailed findings of fact and conclusions of law and holding that DOT's actions showed a pattern of bad faith and abuse and misuse of powers as contemplated by OCGA § 32-3-11. On the issue of attorney fees, the court further held that appellees were entitled to costs and attorney fees as in all cases where a condemnation action is annulled under OCGA § 32-3-11.

DOT has brought a direct appeal from this judgment, although the second count of appellees' complaint remains pending and undetermined in the trial court, as there is no ruling on this issue in the record. " 'Where there is a case involving multiple . . . claims, a decision adjudicating fewer than all the claims . . . is not a final judgment. (Cit.) In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) . . . or there must be compliance with the requirements of OCGA § 5-6-34 (b) . . . Where neither of these code sections [is] followed . . . , the appeal is premature and must be dismissed. (Cits.)' (Cit.) Because the appropriate appellate procedure was not followed in this multiple-claim case, the appeal must be dismissed." *Patrick v. Glass*, 188 Ga. App. 737 (374 SE2d 229) (1988). Compare *Peeples v. City of Atlanta*, 189 Ga. App. 888 (1) (377 SE2d 889) (1989).

*Appeal dismissed. Beasley, J., concurs. Carley, C. J., concurs specially.*

Carley, Chief Judge, concurring specially.

Although I agree with the majority that, absent certification pursuant to OCGA § 9-11-54 (b) or compliance with OCGA § 5-6-34 (b), we have no jurisdiction over this appeal, I must write separately to emphasize that our holding should not be misconstrued as intimating

that appellee-condemnees' pending trespass claim against appellant-condemnor has any potential viability in this condemnation action.

The original petition that was filed by appellees to set aside the declaration of taking did *not* initiate a new proceeding against appellant. Appellees' petition was filed in the context of the ongoing condemnation proceeding that had been initiated by appellant's declaration of taking. See OCGA § 32-3-11 (c). Nothing in the applicable provisions of OCGA § 32-3-1 et seq. authorized appellees to amend their petition so as to assert, in the context of this condemnation proceeding, a counterclaim for tort damages against appellant. "All of the procedures outlined in OCGA § 32-3-1 et seq., are geared exclusively towards answering questions relating to the propriety of the condemnation at hand or the value of the condemned land. Here [appellees' amendment to their petition to set aside] seeks [damages for appellant's alleged trespass]. As such, the subject of the [amendment to appellees' petition] lies outside the bounds of this type of condemnation action. . . . The legislature made no provisions for tort damages . . . in this type of condemnation action. . . . [T]he trial court's dismissal of [appellees' counterclaim for trespass damages is, therefore, mandated]." *Brooks v. Dept. of Transp.*, 254 Ga. 60, 62 (2, 3) (327 SE2d 175) (1985).

Thus, the trial court's setting aside of the declaration of taking is not a "final" order in this condemnation action solely because of the "pendency" of appellees' procedurally nonviable counterclaim for trespass damages. However, this court has no jurisdiction to dismiss appellees' unauthorized counterclaim and nothing in OCGA §§ 9-11-54 (b) and 5-6-34 (b) provides an exception for the case, such as this, wherein finality is absent solely because of a clearly unviable claim that is still pending in the trial court. Accordingly, I must concur in the dismissal of appellant's appeal, even though the direct appealability of the order setting aside the declaration of taking is dependent only upon the trial court's ultimate dismissal of appellees' totally unauthorized pending counterclaim.

DECIDED NOVEMBER 22, 1989.

*Michael J. Bowers, Attorney General, H. Perry Michael, First Assistant Attorney General, Harrison W. Kohler, Deputy Attorney General, Roland F. Matson, Senior Assistant Attorney General, Thurman E. Duncan*, for appellant.

*Page, Scrantom, Harris & Chapman, William G. Scrantom, Jr., Shannon F. Land*, for appellees.