A96A0640. BOARD OF TRUSTEES OF THE FULTON COUNTY EMPLOYEES RETIREMENT SYSTEM v. MABRY.

(472 SE2d 542)

MCMURRAY, Presiding Judge.

Herbert H. Mabry has been an appointed member of the Fulton County Personnel Board since January 1, 1972. On October 6, 1994, he asserted an action against the Board of Trustees of the Fulton County Employees Retirement System and its members ("the Board"), in their official capacities, to compel the Board to recognize his alleged eligibility under a pension system that is administered by the Board and was implemented by Fulton County on July 1, 1982.[1] The Board answered, claiming that Mabry is not eligible to participate in Fulton County's retirement system because the county's 1982 pension ordinance was adopted solely for the benefit of county employees, not persons such as Mabry who "are members of a Board."[2]

After a bench trial, the trial court found that Fulton County's 1982 pension "ordinance and plan [provides that] the following persons [are] eligible to participate in the pension fund: '(a) All state and

---

[1] The Fulton County Commission and its members, in their official capacities, were also named as defendants but were later dismissed from the action, without prejudice.

[2] The Board also raised the statute of limitation (OCGA § 9-3-22) and laches in its answer. We do not reach issues relating to these defenses, however, since neither defense was pressed in the trial court nor enumerated as error on appeal. But in this regard see McQuillin, Vol. 3, The Law of Municipal Corporations, § 12.170 (3rd ed.).

County Officers, Deputies and employees whose salary or wages are paid in whole or in part by the Finance Department of Fulton County. (b) All state Officers, deputies and employees whose salary or wages are paid in whole or in part by the Finance Department of Fulton County.'" The trial court also found that, "[b]eginning in 1981 and continuing in 1982 and at periodic times after that, Mabry requested the right to participate in the Fulton County Retirement System [and that] Mabry has offered and tendered all contributions to the Employee's Retirement System from July 1, 1982 to the present with accrued interest." The trial court concluded that "Mabry is an employee under subsections (a) and (b) of the 1982 Pension Resolution [and declared that he] is entitled to contribute to the Fulton County Retirement System." The trial court then ordered that "a Writ of Mandamus Absolute issue [for the Board] to allow [Mabry] to become a member of the Fulton County Employee's Retirement System as of July 1, 1982[, and declared] that [Mabry] is entitled to pay back contributions with accrued interest to such plan so that he shall maintain continuous retirement service from July 1, 1982 through the current date of his employment and until the termination of his employment." This appeal followed.[3] *Held*:

"The right to a pension depends upon whether or not the officer or employee is within the terms of an applicable pension law." McQuillin, Vol. 3, The Law of Municipal Corporations, p. 725, § 12.147 (3rd ed.). And in so construing such authority, trial courts should liberally construe the law in favor of employees. See *Employees Retirement System of Ga. v. Baughman*, 241 Ga. 339, 341 (2) (245 SE2d 282). In the case sub judice, Mabry claims pension benefits under the Fulton County pension ordinance that became effective on July 1, 1982. The Board, however, contends this ordinance does not confer Mabry with benefits because it does not specifically mention

---

[3] The Board originally appealed to the Supreme Court of Georgia, based on jurisdiction conferred pursuant to Art. VI, Sec. VI, Par. III (5) of the Georgia Constitution of 1983. This provision provides that, "[u]nless otherwise provided by law, the Supreme Court shall have appellate jurisdiction of . . . [a]ll cases involving extraordinary remedies." And even though mandamus has long been considered by Georgia's Supreme Court as an "extraordinary" remedy for purposes of assigning jurisdiction under this constitutional provision (particularly in cases where the relief sought was ancillary to an underlying issue of law), *Settle v. McWhorter*, 203 Ga. 93 (1) (45 SE2d 210), the Supreme Court transferred the Board's appeal to the Georgia Court of Appeals via the following order: "It appearing that the mandamus relief sought in this action is ancillary to the underlying issues of law raised on appeal, the appeal is transferred to the Court of Appeals. See *Pittman v. Harbin Clinic Professional Association*, 263 Ga. 66 (428 SE2d 328) (1993); *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991)." All Justices concurred, except Justice George H. Carley, who dissented. We comply with the Supreme Court's transfer order and consider the case sub judice because Art. VI, Sec. VI, Par. VI of the Georgia Constitution of 1983 provides that "[t]he decisions of the Supreme Court shall bind all other courts as precedents." See *Crotty v. Crotty*, 219 Ga. App. 408, 409 (1) (465 SE2d 517).

eligibility for members of the Fulton County Personnel Board. We find this argument lacking in that it focuses exclusively upon what the 1982 pension ordinance does not provide rather than on what the ordinance provides, i.e., a broad class of individuals eligible for benefits under the county's pension system.[4]

Fulton County's 1982 pension ordinance pertinently defines persons eligible for retirement benefits as " '[a]ll State and County Officers . . . and employees whose salary or wages are paid in whole or in part by the Finance Department of Fulton County.' " There is no question that Mabry's salary has, at all pertinent times, been " 'paid in whole or in part by the Finance Department of Fulton County.' " The disputed issue is whether Mabry is an "employee" within the meaning of the 1982 pension ordinance. And to this end, the Board asserts that Mabry is not an "employee" because the state law which established the Fulton County Personnel Board, Ga. L. 1982, p. 4896 et seq., does not state that personnel board members are "employees," but identifies them as members of the county's " 'unclassified service.' " Ga. L. 1982, pp. 4896, 4902, § 6 (b). The Board also asserts that Mabry cannot be considered an employee for purposes of pension eligibility because his duties on the personnel board "are supervisory in nature and [are] not to be carried out under the direction and supervision of any other county board or agency." These contentions are without merit.

Although Ga. L. 1982, pp. 4896, 4902, § 6 (b) (2), designates "members of boards" as "being in the 'unclassified service,' " nothing in this Act provides that the services furnished by a member of Fulton County's Personnel Board are not the services of an "employee." Further, the supervisory nature of Mabry's job is not determinative of his eligibility under Fulton County's 1982 pension ordinance. Indeed, saying otherwise ignores that "County Officials," as well as "County . . . employees," are eligible for benefits under the 1982 pension ordinance. See McQuillin, Vol. 3, The Law of Municipal Corporations, p. 730, § 12.148 (3rd ed.). Compare *Fulton County v. Holland*, 71 Ga. App. 455 (31 SE2d 202), where the claimant was working for the county under an independent contract, but was found to be eligible for pension benefits, just as a regular employee, because of proof that he had substantial connection, either direct or indirect, with the county department of which he was alleged to be an

---

[4] Similar logic can just as easily be employed to support Mabry's view that members of the county's personnel board are eligible under the 1982 ordinance. For instance, the pension ordinance does not precisely enumerate all persons eligible for pension benefits, but does exclude eligibility for specific classes of individuals. Thus, since these exclusions do not include members of the Fulton County Personnel Board, it may be inferred that the Fulton County Commission intended to extend pension benefits to members of the county's personnel board.

employee. Id. at 457-461 (1).

In the case sub judice, it is undisputed that Fulton County pays Mabry a fixed monthly salary, retains power to terminate him for cause and controls the environment in which Mabry carries out his duties. Further, Mabry's duties are strictly defined and controlled by state law and are completely and exhaustively related to Fulton County's personnel administration. Finally, it is undisputed that Mabry performs his duties upon appointment and, for designated terms, at the pleasure of the Fulton County Commission. Under these circumstances, we find no error in the trial court's determination that Mabry "is entitled to contribute to the Fulton County Retirement System." The evidence authorizes a finding that Mabry is either employed as a "County Official" or an "employee" as these terms are defined under Fulton County's 1982 pension ordinance. See *City of Macon v. Herrington*, 198 Ga. 576, 589 (2) (32 SE2d 517). Accordingly, we affirm the trial court in its judgment of "Writ of Mandamus Absolute [for the Board] to allow [Mabry] to become a member of the Fulton County Employee's Retirement System as of July 1, 1982[, and declaration] that [Mabry] is entitled to pay back contributions with accrued interest to such plan so that he shall maintain continuous retirement service from July 1, 1982 through the current date of his employment and until the termination of his employment."

*Judgment affirmed. Ruffin, J., concurs. Beasley, C. J., concurs specially. Johnson, J., disqualified.*

BEASLEY, Chief Judge, concurring specially.

I concur in the opinion but believe it should be made clear that we are not deciding, expressly or by implication, the issue of whether the "minimum pension resolution" of February 15, 1995 (setting the minimum at $330 per month) was intended to cover part-time employees, such as Board members, who receive salaries below that amount.

DECIDED JUNE 18, 1996.

*John T. Ferguson*, for appellant.

*Barnes, Browning, Tanksley & Casurella, Roy E. Barnes*, for appellee.