A96A1902. HOGAN MANAGEMENT SERVICES, P. C.
v. MARTINO.
(483 SE2d 148)

McMurray, Presiding Judge.

Hogan Management Services, P. C. ("Hogan") filed an action against Joseph A. Martino, M. D., d/b/a North Georgia Orthopaedics, P. C. ("North Georgia"), alleging Martino violated two restrictive covenants in a medical services contract entitled, "INDEPENDENT CONTRACTOR AGREEMENT." After the trial court entered an order temporarily restraining Martino from practicing medicine or surgery within certain geographical limits, Martino and North Georgia filed an answer alleging the restrictive covenants are unenforceable and Martino asserted a counterclaim contending Hogan wrongfully sought and obtained the temporary restraining order. Hogan later filed a motion for judgment on the pleadings and an amended motion for judgment on the pleadings. Martino also filed a motion to dismiss the complaint.

After conducting a hearing, the trial court entered an order (judgment) dismissing Hogan's complaint on October 16, 1995, concluding "that the restrictive covenants are void and unenforceable as a matter of law." Following the denial of its motion for new trial, judgment n.o.v. and in arrest of judgment, Hogan filed a notice of appeal to the Supreme Court of Georgia. The Supreme Court transferred the appeal to the Court of Appeals of Georgia for consideration. *Held*:

1. Hogan's motion entitled, "MOTION FOR RECONSIDERATION AND RECISSION OF TRANSFER BY SUPREME COURT AND FOR TRANSFER FROM COURT OF APPEALS TO SUPREME COURT," is hereby denied. "We comply with the Supreme Court's transfer order and [review this appeal] because Art. VI, Sec. VI, Par. VI of the Georgia Constitution of 1983 provides that 'the decisions of the Supreme Court shall bind all other courts as precedents.' See *Crotty v. Crotty*, 219 Ga. App. 408, 409 (1) (465 SE2d 517)." *Bd. of Trustees of the Fulton County Employees Retirement System v. Mabry*, 221 Ga. App. 762, 763, n. 3 (472 SE2d 542). We are compelled, however, to dismiss the case sub judice for lack of jurisdiction.

2. In "a case ' "involving multiple . . . claims, a decision adjudicating fewer than all the claims . . . is not a final judgment. (Cit.) In such circumstances, there must be an express determination [that there is no just reason for delay and express direction for the entry of

judgment] under OCGA § 9-11-54 (b) ((cit.)) or there must be compliance with the [certificate of immediate review] requirements of OCGA § 5-6-34 (b) ((cit.)). Where neither of these code sections (is) followed . . ., the appeal is premature and must be dismissed." ' *Patrick v. Glass*, 188 Ga. App. 737 (374 SE2d 229)." *Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884). The order appealed in the case sub judice did not constitute a final judgment because the order merely dismissed the complaint but did not dispose of the counterclaim asserted by Martino. The record before this Court does not contain a judgment or voluntary dismissal concerning the counterclaim and the clerk of the trial court informs this Court that there is no such judgment or dismissal. Because Martino's counterclaim remains pending in the trial court, Hogan's direct appeal is premature. This, coupled with Hogan's failure to follow the interlocutory appeal procedures under OCGA § 5-6-34 (b), is insufficient to provide this Court with jurisdiction to consider the case sub judice. Accordingly, this direct appeal is hereby dismissed. See *Union Indemnity Ins. Co. v. Cherokee Ins. Co.*, 168 Ga. App. 82, 83 (308 SE2d 238).

*Appeal dismissed. Johnson and Ruffin, JJ., concur.*

DECIDED MARCH 5, 1997.

*Banks & Stubbs, Rafe Banks III, Baylor B. Banks*, for appellant.
*Morris, Manning & Martin, Jefferson D. Kirby III, David L. Moss*, for appellee.

