A97A2260. ECKLAND v. HALE & ECKLAND, P.C. et al.
(498 SE2d 358)

McMURRAY, Presiding Judge.

Attorney Ron D. Eckland filed a petition to dissolve a professional corporation known as Hale & Eckland, P.C. ("the firm"), alleging that he and attorney William H. Hale II each own a half interest in the firm; that attorney Hale misappropriated firm assets; that attorney Hale controls the firm's financial records, and that attorney Hale "has failed and refused to make [the firm's financial records] available for inspection by Mr. Eckland." Attorney Hale filed a responsive pleading, agreeing that the firm should be dissolved; denying that he misappropriated firm assets, and alleging that attorney Eckland did not pay his share of the firm's debts. Attorney Hale also asserted a counterclaim for attorney fees and litigation expenses, alleging that attorney Eckland's "stubborn litigiousness has necessitated that this controversy be resolved by litigation."

The trial court entered an order directing certain cash payments and distributions based on a court-appointed custodian's evaluation of the firm's finances. Although the trial court refers to this judgment as a "final" order, the trial court did not resolve attorney Hale's coun-

terclaim for attorney fees and litigation expenses. Nor did the trial court order the firm's dissolution pursuant to OCGA § 14-3-1433.

Attorney Eckland, appearing pro se, filed this direct appeal from the trial court's interlocutory order. *Held*:

1. As the firm's final dissolution remains pending, because attorney Hale's counterclaim for attorney fees and litigation expenses remains pending, and because the trial court did not enter an express determination of finality under OCGA § 9-11-54 (b), the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b) were required to be followed to appeal the trial court's order directing certain cash payments and distributions based on the court-appointed custodian's evaluation of the firm's finances. *Miller v. Warner Bros., Inc.*, 228 Ga. App. 469 (492 SE2d 353); *Knowles v. Old Spartan Life Ins. Co.*, 213 Ga. App. 204, 205 (2) (444 SE2d 136). Attorney Eckland's failure in the case sub judice to comply with the requisite interlocutory procedures deprives this Court of jurisdiction. This appeal must therefore be dismissed.

2. We do not transfer this appeal to the Supreme Court of Georgia because of the circumstances in *Crocker v. Stevens*, 210 Ga. App. 231, 232 (1) (435 SE2d 690).

3. We reject appellee Hale's request for sanctions pursuant to Court of Appeals Rule 15 (b). Although we are not able to discern any reasonable ground upon which Eckland could have anticipated a reversal, we cannot say the appeal was entirely frivolous. See *Blomberg v. Cox Enterprises,* 228 Ga. App. 178, 180 (2) (491 SE2d 430).

*Appeal dismissed. Beasley and Smith, JJ., concur.*

DECIDED MARCH 17, 1998.

*Ron D. Eckland*, pro se.
*Smith, Gambrell & Russell, Edward K. Smith*, for appellees.

