### A98A0184. HADID v. BEALS et al.
(502 SE2d 798)

RUFFIN, Judge.

Mohamad Hadid directly appeals the trial court's order granting judgment to defendants D. Kent Beals and Joseph Lett. Because we find that the trial court's order was interlocutory, we dismiss the appeal.

The record shows that Hadid obtained a consent judgment against Atlanta Travel Service, Inc. ("ATS"). During postjudgment discovery, Hadid learned that ATS's only asset was an office safe which could not be located. Hadid filed the instant action seeking to pierce ATS's corporate veil and hold ATS's shareholders, Beals and Lett, liable for the consent judgment. Beals and Lett answered the complaint and admitted both the existence of the consent order and that they were shareholders. Beals also filed a counterclaim against Hadid in which he alleged that Hadid was liable for abusive litigation "pursuant to O.C.G.A. §§ 51-7-80 through 51-7-85" and 9-15-14.

When the case was called for trial, Lett moved to dismiss based on a lack of personal jurisdiction and both defendants moved to dismiss based on res judicata. After reviewing responsive materials

filed by Hadid, the trial court entered judgment in favor of both defendants on Hadid's complaint. Although the trial court referred to the judgment as a "final judgment," the court did not resolve Beals' counterclaim. Hadid filed this direct appeal asserting that the trial court erred in granting judgment to the defendants.

In light of Beals' pending counterclaim,[1] the trial court's judgment is interlocutory, and because Hadid filed a direct appeal, we have no jurisdiction to consider the matter. See *Hogan Mgmt. Svcs., P. C. v. Martino*, 225 Ga. App. 168 (2) (483 SE2d 148) (1997). In this regard, OCGA § 9-11-54 (b) provides that "[w]hen more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties *only upon an express determination that there is no just reason for delay* and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, *however designated*, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not termi-nate the action. . . ." (Emphasis supplied.) Under this Code section, the mere designation of a judgment as "final" is not controlling. See *Eckland v. Hale & Eckland, P.C.*, 231 Ga. App. 278 (498 SE2d 358) (1998). OCGA § 9-11-54 (b) clearly requires that there must be "an express determination that there is no just reason for delay." See id.; *Martino*, supra.

Because the trial court's order in this case is devoid of any such express determination, and Hadid failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), we do not have jurisdiction and accordingly dismiss the appeal. See *Eckland*, supra.

*Appeal dismissed. Pope, P. J., and Beasley, J., concur.*

DECIDED JUNE 17, 1998.

*Baylor B. Banks*, for appellant.
*Ragsdale, Beals, Hooper & Seigler, Gary W. Hatch, Kilpatrick Stockton, William F. Long III*, for appellees.

[1] Our decision here does not address the viability or merits of Beals' abusive litigation counterclaim which he purportedly filed pursuant to OCGA §§ 51-7-80 through 51-7-85, and 9-15-14.