A03A1859. TJW ENTERPRISES, LLLP v. HENRY COUNTY.
(583 SE2d 144)

MILLER, Judge.

Declaring a need for taking, Henry County petitioned the local superior court to condemn certain land owned by TJW Enterprises, LLLP. TJW contested the valuation, requesting that a jury determine the amount of compensation, and also moved the court under OCGA § 32-3-11 to set aside, vacate, and annul the declaration of taking. Following an evidentiary hearing, the court denied the motion, which ruling TJW has directly appealed. We hold that we lack jurisdiction to consider this direct appeal, since the valuation issue remains pending below and TJW did not follow the interlocutory appeal procedures. Accordingly, we dismiss the appeal.

OCGA § 32-3-11 authorizes a condemnee to petition the superior court in a condemnation proceeding to set aside, vacate, and annul the condemnor's declaration of taking if the condemnee can show certain specified facts, such as fraud, bad faith, or the improper use of the condemnation powers. A hearing on this nonvaluation matter takes place within a short window of time, "with the right of appeal by either party, *as in other cases.*" (Emphasis supplied.) OCGA § 32-3-11 (c). Often these petitions are the only contested issue in the condemnation proceeding, and once a final judgment is entered, a party is allowed to directly appeal the ruling on the petition. See, e.g., *Habersham Downs Homeowners' Assn. v. Dept. of Transp.*, 212 Ga. App. 686 (442 SE2d 868) (1994); *Chamlee v. Dept. of Transp.*, 189 Ga. App. 334 (375 SE2d 626) (1988); *Cox Communications v. Dept. of Transp.*, 178 Ga. App. 499 (343 SE2d 765), rev'd on other grounds, 256 Ga. 455 (349 SE2d 450) (1986).

Where, however, the petition is not the only contested issue before the superior court, a ruling on the petition is not directly appealable if the other issues are still pending in the superior court.

*Dept. of Transp. v. B & G Realty*, 193 Ga. App. 649 (388 SE2d 749) (1989). This is based on the following established principle:

> Where there is a case involving multiple claims, a decision adjudicating fewer than all the claims is not a final judgment. In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the requirements of OCGA § 5-6-34 (b). Where neither of these code sections is followed, the appeal is premature and must be dismissed.

(Citations and punctuation omitted.) Id. Thus, although the superior court may have ruled on the nonvaluation issues in a condemnation proceeding, the pendency of the valuation issue in the superior court precludes an appellate court from having jurisdiction over the appeal of the nonvaluation ruling unless the interlocutory procedures are followed. See *Fountain v. DeKalb County*, 238 Ga. 14, 15 (231 SE2d 49) (1976); *Stafford v. Bryan County Bd. of Ed.*, 212 Ga. App. 6, 7 (440 SE2d 774) (1994); *Cook v. Ga. Power Co.*, 204 Ga. App. 119, 120 (418 SE2d 451) (1992); *Concept Capital Corp. v. DeKalb County*, 172 Ga. App. 838 (325 SE2d 169) (1984); *Turner v. City of Nashville*, 167 Ga. App. 665 (307 SE2d 74) (1983); *Hardy v. Ga. Power Co.*, 151 Ga. App. 803, 804 (261 SE2d 749) (1979).

As stated in *Cook*, TJW "will be entitled to appeal directly and raise *all* issues regarding the condemnation of [its] property when the issue of just and adequate compensation is no longer pending below and *all* issues have become final. See *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 635 (1a) (399 SE2d 538) (1990)." (Emphasis in original.) *Cook*, supra, 204 Ga. App. at 120. At this stage, however, where issues remain pending below and the appropriate appellate procedure was not followed, the appeal must be dismissed. *B & G Realty*, supra, 193 Ga. App. at 649.

*Appeal dismissed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED MAY 22, 2003 —
RECONSIDERATION DENIED JUNE 6, 2003.

*Power & Futch, Warren R. Power*, for appellant.
*David P. Brenskelle*, for appellee.