## A08A2288. YATES v. CACV OF COLORADO, LLC.
### (670 SE2d 884)

BLACKBURN, Presiding Judge.

Cynthia Yates appeals from an order affirming an arbitration award against her. However, because the trial court did not rule on Yates's counterclaim, her appeal is premature, requiring us to dismiss the appeal.

CACV of Colorado, LLC, obtained an arbitration award against Yates arising out of her nonpayment of certain credit card debt. When CACV petitioned the superior court to confirm the arbitration award pursuant to OCGA § 9-9-4, Yates answered and asserted a counterclaim, in which she sought relief against CACV under the Fair Debt Collection Practices Act (15 USCS § 1692 et seq.) for allegedly improper collection efforts against her. CACV moved the court to confirm the arbitration award and also to strike Yates's counterclaim. Following a hearing that apparently was not transcribed, the court entered an order confirming the arbitration award (and simultaneously entered judgment in the amount of the arbitration award) but made no ruling on nor reference to Yates's counterclaim in its written order. Nor did the court certify its ruling for immediate review under OCGA § 9-11-54 (b). Yates directly appealed from the order confirming the arbitration award.

Unless summary judgment is granted on a claim (see OCGA § 9-11-56 (h)) or the matter is certified pursuant to OCGA § 9-11-54 (b), a direct appeal is premature and must be dismissed where a counterclaim remains pending in the court below. See *Farmers Co-operative Ins. Co. v. Hicks*.[1] See generally OCGA § 5-6-34 (a) (1). "In light of [Yates's] pending counterclaim, the trial court's judgment is interlocutory, and because [Yates] filed a direct appeal, we have no jurisdiction to consider the matter." (Footnote omitted.) *Hadid v. Beals*.[2] Even designating the judgment on the other claims as "final" does not cure this jurisdictional defect in the appeal; the express determination and direction of OCGA § 9-11-54 (b) are required. Id. See *Rhymes v. East Atlanta Church of God, Inc.*[3] Nor does the fact that the counterclaim is without merit or procedurally

---

[1] *Farmers Co-operative Ins. Co. v. Hicks*, 227 Ga. 755 (182 SE2d 895) (1971).

[2] *Hadid v. Beals*, 233 Ga. App. 5, 6 (502 SE2d 798) (1998).

[3] *Rhymes v. East Atlanta Church of God, Inc.*, 284 Ga. 145, 146-147 (663 SE2d 670) (2008).

unauthorized, or may have been waived or abandoned by the defendant, cure the defect; a ruling on the counterclaim must be obtained. See id. at 147; *Hogan Mgmt. Svcs. v. Martino*.[4] See also *Dept. of Transp. v. B & G Realty, Inc.*[5] Finally, the fact that the original action was a petition under a special statutory procedure makes no difference. See id. at 649; *TJW Enterprises v. Henry County*.[6]

Because the trial court here did not rule on Yates's counterclaim, it remains pending below, rendering this appeal premature. Accordingly, we dismiss the appeal. See *Fasse v. Sexton*;[7] *Calhoun Clinic v. Raju*.[8]

*Appeal dismissed. Miller and Ellington, JJ., concur.*

DECIDED DECEMBER 3, 2008.

Cynthia Yates, *pro se*.
*Trauner, Cohen & Thomas, Michael J. Cohen*, for appellee.

---

[4] *Hogan Mgmt. Svcs. v. Martino*, 225 Ga. App. 168, 168-169 (2) (483 SE2d 148) (1997).
[5] *Dept. of Transp. v. B & G Realty, Inc.*, 193 Ga. App. 649, 649-650 (388 SE2d 749) (1989) (Carley, C. J., concurring specially).
[6] *TJW Enterprises v. Henry County*, 261 Ga. App. 547, 547-548 (583 SE2d 144) (2003).
[7] *Fasse v. Sexton*, 193 Ga. App. 9 (387 SE2d 17) (1989).
[8] *Calhoun Clinic v. Raju*, 173 Ga. App. 320 (326 SE2d 529) (1985).