# Court of Appeals
# of the State of Georgia

ATLANTA,___March 03, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A1113. WILBERT ALEXANDER CARTER v. GEORGIA DEPARTMENT OF PUBLIC SAFETY.

Wilbert Alexander Carter brought a tort action against the Georgia Department of Public Safety and Xavier Jacquez Walker, Jr.[1]  The trial court entered an order granting the Department of Public Safety's motion to dismiss, and Carter filed this direct appeal.  We lack jurisdiction.

"In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Citations and punctuation omitted.)  *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). Under such circumstances, there must be "an express determination that there is no just reason for delay" under OCGA § 9-11-54 (b), or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections is followed, the appeal is premature and must be dismissed.  See id.; *Turner v. Burhow*, 205 Ga. App. 444 (422 SE2d 678) (1992).

Here, it appears that Carter's claims against Walker remain pending below. And because the trial court's dismissal order does not reference OCGA § 9-11-54 (b) or make an express determination that there is no just reason for delay, it cannot be viewed as final.  See *Hadid v. Beals*, 233 Ga. App. 5, 6 (502 SE2d 798) (1998). Accordingly, Carter was required to follow the interlocutory appeal procedure set

---

[1] Carter also sued Shane Tyson Copeland, but he later dismissed his claims against Copeland without prejudice.

forth in OCGA § 5-6-34 (b).  His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,*_____03/03/2015_____
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ , *Clerk.*