# Court of Appeals
# of the State of Georgia

ATLANTA,___May 04, 2016_____

*The Court of Appeals hereby passes the following order:*

## A16A1478.  SHANITA CHANDLER v. ANTHONY MITCHELL.

Shanita Chandler filed an action against Kristen Thomas, Progressive Casualty Insurance Company, Anthony Mitchell, and Eleanor Timmons arising from an automobile accident.  Thomas and Progressive filed various motions, including a motion to dismiss, a motion for summary judgment, and motions to compel.  In its April 29, 2015 order, the trial court granted all of Thomas and Progressive's motions.[1] On January 7, 2016, the trial court granted Mitchell's motion to dismiss.  Thereafter, on February 22, 2016, Chandler filed her notice on appeal indicating she was appealing the trial court's April 29, 2015 order.  We, however, lack jurisdiction for several reasons.

First, Chandler's notice of appeal is not timely as to the January 7, 2016 dismissal order or to the April 29, 2015 dismissal order.  To be timely, a notice of appeal must be filed within 30 days after entry of the appealable order.  See OCGA § 5-6-38 (a). The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction on this Court.  See *Perlman v. Perlman*, 318 Ga.

---

[1] It appears the Chandler may have filed a notice of appeal from the trial court's April 29, 2015 order on May 4, 2015.  The record contains a letter from Chandler file stamped May 4, 2015 indicating her desire to appeal along with notice of appeal that does not have a file stamp.  Further, Thomas and Progressive filed a motion to dismiss Chandler's notice of appeal, which was never ruled on by the trial court.  Regardless, as discussed above, the April 29, 2015 order is not an appealable final judgment because parties remained pending and it does not appear that the order was an entry of summary judgment.

App. 731, 739 (4) (734 SE2d 560) (2012); *GMC Group, Inc. v. Harsco Corp.*, 293 Ga. App. 707, 707 (667 SE2d 916) (2008).

In addition, "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." (Punctuation omitted.) *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989); see also *Yates v. CACV of Colo., LLC*, 295 Ga. App. 69, 69 (670 SE2d 884) (2008). Here, the trial court's order dismissed Thomas and Progressive, and the trial court dismissed Mitchell, but the case remains pending as to Eleanor Timmons. Thus, there is no final judgment. To appeal either of the trial court's orders, Chandler was required to comply with the interlocutory appeal procedure of OCGA § 5-6-34 (b). See *Johnson*, supra.

Because Chandler's notice of appeal was not timely and the order she seeks to appeal is not an appealable final judgment, this appeal is DISMISSED.



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,＿＿＿05/04/2016＿＿＿

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿, Clerk.