# Court of Appeals
# of the State of Georgia

ATLANTA,  November 13, 2017

*The Court of Appeals hereby passes the following order:*

## A18D0149. MARVIN B. SMITH, III et al. v. M. DELORES MURPHY

Marvin D. Smith, III and Sharon H. Smith petitioned in the Superior Court for a protective order against M. Delores Murphy. Murphy then filed a counterclaim for nuisance. The trial court dismissed the Smiths' complaint with prejudice. Following a subsequent motion hearing, the court awarded attorney fees to Murphy under both OCGA § 9-11-37 (d) (1) and OCGA § 9-15-14 (b). The Smiths filed this application for discretionary appeal, in which they claim the court lacked jurisdiction to enter the award, the award was unjust, and the award violated an automatic bankruptcy stay. When a trial court awards attorney fees under OCGA § 9-11-37 (d) (1), and the case is no longer pending in the trial court, the order is a directly appealable final judgment. See *Hart v. Redmond Regional Med. Center*, 300 Ga. App. 641, 642. n. 6 (686 SE2d 130) (2009). And, this Court will grant an otherwise timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j).

However, the filings do not demonstrate that the order appealed from is a final judgment because there is no indication that Murphy's counterclaim was adjudicated. See *Yates v. CACV of Colorado, LLC*, 295 Ga. App. 69 (670 SE2d 884) (2008) (unless summary judgment is granted on a claim or the matter is certified pursuant to OCGA § 9-11-54 (b), a direct appeal is premature and must be dismissed where a ruling on a counterclaim has not been obtained); *Standridge v. Spillers*, 263 Ga. App. 401, 403 (1) (587 SE2d 862) (2003) ("a final judgment . . . leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court.").

Without evidence that Murphy's counterclaim has been ruled upon, thus rendering the court's order a final judgment, the Smiths were required to follow the interlocutory appeal procedures provided in OCGA § 5-6-34 (b). See *Miller v. Miller*, 282 Ga. 164, 165 (646 SE2d 469) (2007). Given their failure to do so, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,_____*
*I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

*Stephen E. Castlen*      *, Clerk.*



*Court of Appeals of the State of Georgia*

      *Clerk's Office, Atlanta,* __11/13/2017__

      *I certify that the above is a true extract from*

*the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court*

*hereto affixed the day and year last above written.*

_____ *, Clerk.*