# Court of Appeals
# of the State of Georgia

ATLANTA, February 04, 2025

*The Court of Appeals hereby passes the following order:*

### A25A0992. BRANNON HILL CONDOMINIUM ASSOCIATION, LLC v. VERDMONT, LLC.

Plaintiff Verdmont, LLC, filed this action against defendant Brannon Hill Condominium Association, LLC, seeking judicial dissolution of the defendant and the appointment of a custodian to take over the defendant's operations. On February 23, 2023, the trial court granted the plaintiff's request for the appointment of a custodian. The defendant filed a motion to remove the custodian, which the trial court denied on October 23, 2024. The defendant filed this direct appeal on November 22, 2024. We lack jurisdiction because the plaintiff's request for judicial dissolution remains pending in the trial court.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Because the case here remains pending below and the trial court did not enter judgment pursuant to OCGA § 9-11-54 (b), the defendant was required to use the

interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal the October 23, 2024 order. See OCGA § 5-6-34 (b); *Eckland v. Hale & Eckland, P. C.*, 231 Ga. App. 278, 278 (1) (498 SE2d 358) (1998); *Johnson*, 192 Ga. App. at 629. The defendant's failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED. See *Eckland*, 231 Ga. App. at 278 (1).[1]



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*  02/04/2025

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , *Clerk.*

---

[1] The October 23, 2024 order denying the defendant's motion to remove the custodian was not directly appealable under OCGA § 5-6-34 (a) (4), which allows for direct appeals from "[a]ll judgments or orders granting or refusing applications for receivers." Specifically, even if the February 23, 2023 order appointing a custodian constituted the grant of an application for a receiver, the October 23, 2024 order did not grant or refuse an application for a receiver.