# Court of Appeals
# of the State of Georgia

ATLANTA, April 23, 2025

*The Court of Appeals hereby passes the following order:*

## A25A0506. YONATHAN MICHAEL v. BETHLEHEM DESTA.

Yonathan Michael filed a petition for writ of partition of real property. Bethlehem Desta answered and raised several counterclaims in response. After a hearing, the trial court entered an order on the petition for writ of partition of real property, but failed to rule on Desta's counterclaims for conversion, trover, and punitive damages. Michael then filed this direct appeal. We lack jurisdiction.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." "In a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (citation and punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b), or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (citation and punctuation omitted).

Here, Desta raised counterclaims that remain pending below, and it does not appear that the trial court directed the entry of judgment under OCGA § 9-11-54 (b). Thus, Michael was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34 (b); *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016).

The failure to do so means we lack jurisdiction over this appeal, which is hereby DISMISSED. See *Yates v. CACV of Colorado*, 295 Ga. App. 69, 69-70 (670 SE2d 884) (2008).



*Court of Appeals of the State of Georgia*
      *Clerk's Office,*
*Atlanta,    04/23/2025*

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____, *Clerk.*