# Court of Appeals
# of the State of Georgia

ATLANTA, <u>October 29, 2025</u>

*The Court of Appeals hereby passes the following order:*

**A26A0444. JAKEISE MOODY v. REGINA I. EDWARDS et al.**

Jakeise Moody sued Regina I. Edwards; Edwards Family Law, PC; Narissa Juitt-Jackson; Juitt-Jackson Law Firm, LLC; and Genesis Smith ("defendants"), asserting violations of the Georgia RICO Act, along with assorted breach of fiduciary duty claims. After the defendants filed motions to dismiss, the trial court entered three separate orders resolving the pending motions. In one order, the trial court granted Edwards and Edwards Family Law's dismissal motion as to Moody's RICO claims, but denied that motion with respect to the breach of fiduciary duty claims. In a separate order, the trial court found that res judicata barred Moody's claims against Juitt-Jackson and the Juitt-Jackson Law Firm, thus the court granted those defendants' dismissal motion. Finally, in a third order, the trial court granted Genesis Smith's motion to dismiss. From these orders, Moody filed a timely notice of appeal. We, however, lack jurisdiction.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34 (a) (1). But "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (citation and punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and

must be dismissed." Id. (citation and punctuation omitted).

Here, the trial court denied Edwards and Edwards Family Law's dismissal motion as to Moody's claims for breach of fiduciary duty. In doing so, the trial court did not make an express determination that there was no just reason for delay under OCGA § 9-11-54 (b). Thus, Moody was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34 (b); *Islamkhan v. Khan*, 299 Ga. 548, 551 (2) (787 SE2d 731) (2016). Moody's failure to follow the proper procedure means that this Court lacks jurisdiction over this appeal, which is hereby DISMISSED. See *Yates v. CACV of Colorado*, 295 Ga. App. 69, 69-70 (670 SE2d 884) (2008).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,__10/29/2025_____*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*