# Court of Appeals
# of the State of Georgia

ATLANTA, June 09, 2026

*The Court of Appeals hereby passes the following order:*

### A26A1336. LATONYIA BRAITHWAITE v. MASHALLAH INVESTMENT, LLC, et al.

In 2019, Fairington Park Condominium Association, Inc. ("the Association") initiated a lawsuit against Latonyia Braithwaite, a Fairington Park homeowner (the "2019 lawsuit"). The trial court granted judgment in favor of the Association, awarded it over $40,000 in damages, and ruled that the Association could conduct a judicial foreclosure of Braithwaite's property. At the subsequent foreclosure sale, Mashallah Investment, LLC purchased the property. Following the sale, Braithwaite filed suit against the Association and Mashallah, asserting claims for wrongful foreclosure (the "2024 lawsuit").[1] The Association filed a motion to dismiss Braithwaite's claims against it, as well as a motion for judgment on the pleadings and a motion for attorney fees under OCGA § 9-15-14. Mashallah counterclaimed for possession of the property and for OCGA § 9-15-14 attorney fees, and filed a motion to consolidate the 2019 and 2024 lawsuits and to require Braithwaite to pay rent into the registry of court.

On November 26, 2025, the trial court entered a series of orders that granted the Association's motion for judgment on the pleadings; granted Mashallah's motion to consolidate the 2019 and 2024 cases; awarded the Association attorney fees under OCGA § 9-15-14; and granted Mashallah's motion to require Braithwaite to pay rent

---

[1] The 2024 lawsuit also named the DeKalb County Sheriff as a defendant. Braithwaite, however, eventually dismissed her claims against the Sheriff.

into the court's registry. Braithwaite filed a notice of appeal as to these orders, and the Association has now filed a motion to dismiss the appeal. We agree that the appeal should be dismissed, although not for the reason argued by the Association.

As a general rule, a right of direct appeal lies from only a final judgment — that is, where the case is no longer pending below. See OCGA § 5-6-34(a)(1). And "[i]n a case involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Shoenthal v. Shoenthal*, 333 Ga. App. 729, 730 (776 SE2d 663) (2015) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54(b) or compliance with the interlocutory appeal procedures set forth in OCGA § 5-6-34(b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Here, the trial court's orders left pending Braithwaite's wrongful foreclosure claim against Mashallah, as well as Mashallah's claim for attorney's fees. Moreover, the trial court did not make an express determination that there was no just reason for delay under OCGA § 9-11-54(b). Thus, Braithwaite was required to use the interlocutory appeal procedures — including obtaining a certificate of immediate review from the trial court — to appeal. See OCGA § 5-6-34(b); *Islamkhan v. Khan*, 299 Ga. 548, 551(2) (787 SE2d 731) (2016). Braithwaite's failure to follow the proper procedure means that we have no jurisdiction to consider this appeal.

Given our lack of jurisdiction, the Association's motion to dismiss is GRANTED and this appeal is hereby DISMISSED. See *Yates v. CACV of Colorado*, 295 Ga. App. 69, 69-70 (670 SE2d 884) (2008).



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,___06/09/2026_____

     I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

     Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.