66861. PARKS et al. v. ATLANTA PUBLIC SCHOOL SYSTEM BOARD OF EDUCATION et al.

DEEN, Presiding Judge.

In February of 1974 appellant Bruce Dozier, son of appellant Mattie Ruth Parks and star running back of his high school football team, was involved in a tragic accident which left him paralyzed from the neck down. While running a drill during the Spring practice following his junior season, Dozier collided head-on with a teammate and broke his neck. He was immediately taken by ambulance to the

Atlanta hospital designated by the school system for treatment of sports-related injuries, and subsequently underwent extensive treatment in Atlanta and in a California facility specializing in such injuries. The Board of Education paid the initial expenses of hospitalization and treatment but declined to continue doing so.

Dozier and his mother brought actions against the Board of Education of the Atlanta Public School System, the superintendent of schools, and named Board members (all of the preceding-hereinafter collectively referred to as "Board"); against Murphy High School coaches William Lester, William Russell, Henry Adams, and James C. Davis (hereinafter collectively referred to as "coaches"); and against the manufacturer of the football equipment used by Atlanta high schools.[1] Appellants framed their complaint in four counts (negligence, fraud, breach of contract, and maintenance of a nuisance), and sought compensatory and punitive damages and all costs of litigation, including attorney fees and court costs. Appellants have expressly asserted that by their actions appellees have waived the defense of sovereign immunity.

Of central importance in the case is the printed form promulgated by the school system's director of athletics and distributed by coaches in all high schools to all participants in athletic activities for the signature of parent or guardian. This form reads in pertinent part as follows:[2]

"Expenses arising from student injuries [incurred while taking part in athletic programs] are covered by one of two ways:

"1. Pilot Life Insurance Company Accident Policy is available for participants in all sports other than varsity and B-team football. Participants in all sports other than varsity and B-team football *must* purchase this policy unless they have similar coverage under another policy.

"2. The Atlanta Public Schools pay medical and hospital expenses in excess of the amount paid by parents' medical and hospitalization insurance, when these expenses result from injuries to a student while participating in varsity or B-team football. School physicians and the hospital designated for school use must be used if the cost is assumed by the school system."

---

[1] Dozier's and Parks' suits were consolidated for trial. The manufacturer was subsequently dismissed as a party defendant.

[2] The sentences which precede the quoted body of the document characterize athletics as an integral part of the school program and remind the parent or guardian that injury is a possible consequence of participation in athletic activities.

Appellants contend that this document constitutes a contract in which the consideration flowing to appellees is Dozier's services in a money-making enterprise, the football program, and the consideration flowing to appellants is payment of medical and hospitalization expenses incurred by team members as a result of a football-related injury. Appellants further contend that the Board's dissemination of this document, through the coaches, amounts to fraud; and, moreover, that the football program is administered in a negligent manner and constitutes a public nuisance which especially damages appellants. Defendants denied all allegations of the complaint and raised as defenses, *inter alia,* assumption of risk and sovereign immunity.

All defendants moved for summary judgment, and in an order dated January 25, 1982, the DeKalb Superior Court granted the motions with respect to the negligence claim. In a revised order dated May 12, 1982, the court expressly stated that the judgment was final as to all defendants on the negligence count. On July 12, 1982, the court granted summary judgment to the coaches on the contract, fraud, and nuisance counts; the Board's motion on these counts is still pending. Dozier and his mother have appealed from all three orders granting partial summary judgment to the coaches. The Board, although not a party to the appeal, has filed a brief in the interest of clarifying its position.

Appellees have moved to dismiss the appeal for appellants' failure to pay costs or file a pauper's affidavit. They have also moved to dismiss the appeal on the negligence count on the ground that the judgment on that count, being final, was not appealed within the requisite thirty days and is therefore barred by *res judicata. Held:*

1. Appellees contend that this court cannot consider this appeal until the motion to dismiss for failure to pay costs or file the equivalent affidavit has been ruled upon by the trial court. This contention is without merit.

On August 11, 1982, within thirty days after the trial court's entry of judgment, appellants filed their notice of appeal. On May 6, 1983, they filed an Amended Notice of Appeal in Forma Pauperis. On June 6, 1983, appellees filed their motion to dismiss. The appeal was actually docketed by the Clerk of the Court of Appeals on June 7, 1983.

OCGA § 5-6-47 (a) (Code Ann. § 6-1003) provides that "[i]n all civil cases where the party taking an appeal files an affidavit stating that because of his indigence he is unable to pay costs or to post a supersedeas bond, if any, as may be required by the trial judge as provided in Code Section 5-6-46 (Code Ann. § 6-1002), the notice of appeal and affidavit of indigence shall act as supersedeas." OCGA §

5-6-48 (c) (Code Ann. § 6-809) prescribes that "[n]o appeal shall be dismissed by the appellate court nor [sic] consideration of any error therein refused because of failure of any party to cause the transcript of evidence and proceedings to be filed within the time allowed by law or order of court . . . ."

Despite appellees' contention that appellants' delay in paying costs or taking the pauper's oath was unreasonable and inexcusable, this court has held that failure to pay costs to the clerk of the trial court before the record is transmitted to the appellate court will not result in dismissal of the case where the record is otherwise properly transmitted. *Elliott v. Walton,* 136 Ga. App. 211 (220 SE2d 696) (1975). This is so *a fortiori* when the record has been forwarded prior to payment of costs and no delay has been caused in the appellate court. *American Oil Co. v. McCluskey,* 116 Ga. App. 706 (158 SE2d 431) (1967), rev'd on other grounds, 224 Ga. 253 (161 SE2d 271) (1968). Moreover, "the right of the appellate court, as distinguished from the trial court, to dismiss an appeal because of late payment of costs must be based . . . on . . . its inherent and Constitutional powers and in the exercise of its rule-making authority derived therefrom to dismiss an appeal which in its opinion represents a stale appeal." *Buffalo Holding Co. v. Shores,* 124 Ga. App. 868, 871 (186 SE2d 339) (1971).

Although in the instant case there was an interval of nearly nine months between the filing of the notice of appeal and the actual docketing, this court was not subjected to any delay that would interfere with proper disposition of the case. Moreover, "[t]he judges of the superior courts have no jurisdiction to dismiss an appeal pending in either of the appellate courts," *Davis v. Davis,* 222 Ga. 369 (149 SE2d 802) (1966), or in any way to modify or supplement a judgment once the notice of appeal has been filed. *Park v. Minton,* 229 Ga. 765 (194 SE2d 465) (1972); *Allied Productions, Inc. v. Peterson,* 233 Ga. 266 (211 SE2d 123) (1974).

2. This court has no jurisdiction to review the trial court's awards of partial summary judgment on appellants' negligence theory, as reflected in the orders of January 25 and May 12, 1983. Ordinarily, "[t]he entry of a judgment as to one or more but fewer than all of the claims or parties is not a final judgment under [OCGA § 5-6-34 (a) (1) (Code Ann. § 6-701)] and lacks res judicata effect . . . ." *Culwell v. Lomas & Nettleton Co.,* 242 Ga. 242, 243 (248 SE2d 641) (1978). However, if "the trial court makes an express direction for the entry of the final judgment and a determination that no just reason for delaying the finality of the judgment exists . . . [, and] does certify that the judgment is final and ripe for review under [OCGA § 9-11-54 (b) (Code Ann. § 81A-154)], the time for appeal begins to run." *Id.*

Compare *Edwards v. Davis,* 160 Ga. App. 122 (286 SE2d 301) (1981); *Martin v. Herr,* 158 Ga. App. 329 (280 SE2d 387) (1981); *Ramseur v. American Management Assn.,* 155 Ga. App. ·340 (270 SE2d 880) (1980); *Surgent v. Surgent,* 153 Ga. App. 100 (264 SE2d 568) (1980).

In the instant case the trial court did make express provision in the May 12 order that the partial summary judgments were final as to the issues addressed. Appellants did not avail themselves of the statutory procedures for appealing from these judgments within the prescribed thirty days. They thereby waived the right of appeal, and the judgments now have *res judicata* effect. This court is therefore barred from reviewing the negligence issue.

3. An exhaustive review of the record reveals that appellants have not "set forth specific facts showing that there is a genuine issue for trial" with respect to the coaches' alleged liability on the theories of contract, fraud, and nuisance, as required of the adverse party to a motion for summary judgment. OCGA § 9-11-56 (e) (Code Ann. § 81A-156). To the contrary, "the pleadings, depositions, answers to interrogatories, and [other documents submitted] show that there is no genuine issue as to any material fact and that the moving party [the coaches in the instant case] is entitled to judgment as a matter of law . . ." OCGA § 9-11-56 (c) (Code Ann. § 81A-156). Since there remained no genuine issue of material fact regarding the coaches' possible liability under any of the theories propounded by appellants, the court below properly granted summary judgment on the fraud, contract, and nuisance issues.

4. Because the trial court did not reach the issue of sovereign immunity but granted summary judgment on other grounds, we do not address this defense in the present appeal.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in Divisions 2, 3, 4 and in the judgment.*

DECIDED OCTOBER 11, 1983 —
REHEARING DENIED OCTOBER 24, 1983.

*William Lewis Spearman,* for appellants.
*Arnold Wright, Jr., C. Michael Evert, Jr., Warren C. Fortson, Bruce H. Beerman, J. M. Hudgins IV, Alan L. Newman,* for appellees.