67158. QUARTERMAN v. QUARTERMAN et al.

BIRDSONG, Judge.

On June 2 and 3, 1981, by separate orders, the trial court granted summary judgment to the appellees in this case. On July 6, 1981, appellant filed a motion to vacate and set aside the orders granting appellees' motions for summary judgment. The trial court denied this motion by order filed July 15, 1981. On either August 17 or 19, 1981 (the record is unclear as to which date), appellant filed his notice of appeal, which was dated August 13, 1981. Appellees have filed a motion to dismiss the appeal on timeliness grounds. *Held:*

1. Appellant's notice of appeal was filed approximately two and one-half months after the entry of the orders granting appellees summary judgment. This is well beyond the 30-day time limitation prescribed by OCGA § 5-6-38 (a); thus, this court has no jurisdiction to

consider the orders granting appellees' motions for summary judgment. No motions for new trial, in arrest of judgment, or judgment n.o.v. were filed, and a motion to vacate and set aside is not one of the motions enumerated in OCGA § 5-6-38 (a) that will extend the time for filing a notice of appeal. *Dutton v. Dykes*, 159 Ga. App. 48 (2) (283 SE2d 28). Consequently, appellees' motion to dismiss is granted to the extent that it pertains to any challenge to the trial court's summary judgment orders entered June 3, 1981. Id.

2. Likewise, appellant's notice of appeal has conferred no jurisdiction upon this court to review the trial court's order denying his motion to vacate and set aside. Although an order denying a motion to set aside is an appealable judgment, *Johnson v. Barnes*, 237 Ga. 502, 504 (229 SE2d 70), the notice of appeal in this case was filed a minimum of 33 days after the filing of the order denying the motion to vacate and set aside. The date of filing "constitutes entering an appeal." *Anthony v. Anthony*, 120 Ga. App. 261, 264 (170 SE2d 273). The thirtieth day following judgment, August 14, 1981, was not a Saturday, Sunday, or official holiday. Consequently, this court has no jurisdiction to review the trial court's order denying appellant's motion to vacate and set aside. Appellees' motion to dismiss this portion of the appeal is also granted. OCGA § 5-6-38 (a).

*Appeal dismissed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED DECEMBER 1, 1983 —
REHEARING DENIED MARCH 19, 1984.

Kenneth B. Quarterman, *pro se.*

*James O. Wilson, Jr., John H. Oldfield, Jr., Arnold C. Young, Lee C. Mundell, Luhr G. C. Beckmann, Jr., Andrew J. Hill III*, for appellees.