A89A1657, A89A1658. CHERRY et al. v. HERSCH et al.
(388 SE2d 64)

DEEN, Presiding Judge.

On July 14, 1986, the plaintiff-appellant Dede Cherry was assaulted, robbed, and raped by Jeffrey Russell. She and her husband, Ricky Cherry, brought an action against Nica Hersch and J. Brown Moseley, Mitchell County District Attorney; Dot Brown, Mitchell County Superior Court Clerk; and the Mitchell County Superior Court Clerk's Office for their alleged failure to properly process a plea to a crime previously committed by Russell, who therefore was at liberty when the opportunity to attack Mrs. Cherry arose. Mr. Cherry has joined in his wife's action and has claimed damages for loss of consortium. The appellants contend that had the guilty plea been processed as it should have been, Russell would not have been released from jail (where he was serving time for prior convictions), and therefore could not have assaulted, robbed, and raped Mrs. Cherry. The defendants-appellees asserted the defenses of prosecutorial immunity and intervening criminal act.

On April 6, 1988, Hersch and Moseley were granted summary judgment on all grounds, and on April 26 Mr. and Mrs. Cherry moved to certify this judgment as a final judgment. On June 2, 1988, the trial court entered an order styled "Final Judgment," and stating in its

entirety: "Summary judgment having been granted to Defendants Nica Hersch and J. Brown Moseley on April 6, 1988, the clerk is directed to enter final judgment in their favor." The appellants did not file a notice of appeal from this order until July 11, 1988 (39 days after the order was rendered). On September 27, 1988, the trial court dismissed this notice of appeal as untimely, pursuant to a motion to dismiss filed by Hersch and Moseley. On November 9, 1988, a final judgment was entered dismissing with prejudice the remaining two defendants, Dot Brown and the Mitchell County Clerk's Office.

Mr. & Mrs. Cherry have filed two appeals. In Case No. A89A1657 they appeal the order dismissing their July 11, 1988, notice of appeal. In Case No. A89A1658 they appeal the April 6, 1988, order granting summary judgment to Hersch and Moseley. *Held:*

1. The appellants assert that the June 2, 1988, "Final Judgment" order was not a final, appealable order because it lacked the exact "finality and delay" language contained in OCGA § 9-11-54 (b), and that because this order was not appealable, their July 1988 appeal was premature and void, making their current appeal proper.

Under OCGA § 5-6-34, all final judgments, except those deemed to be discretionary, are directly appealable to this court. However, in a multiple-party case, an entry of a judgment as to one or more but fewer than all of the claims or parties is a final, appealable judgment under OCGA § 9-11-54 (b) *only* upon "an express determination that there is no just reason for delay and upon an express direction for the entry of judgment" by the trial court. OCGA § 9-11-54 (b); *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). "If the trial court does certify that the judgment is final and ripe for review" under OCGA § 9-11-54 (b), the jurisdictional thirty-day period for filing an appeal begins to run from the date of certification. *Culwell*, supra at 243.

In the instant case the June 2 "Final Judgment" order did not recite the exact language of OCGA § 9-11-54 (b). However, the order makes express provisions and shows by its language ("Final Judgment . . . [C]lerk is directed to enter final judgment in [Hersch's and Moseley's] favor") a clear intent by the trial judge that the order be final, and therefore appealable as to Hersch and Moseley. See *Parks v. Atlanta Public School System*, 168 Ga. App. 572, 576 (309 SE2d 645) (1983); see also *Republic of Italy v. De Angelis*, 206 F2d 121, 132 (D. C. Cir. 1953) (concurring opinion). ("[W]hile the judge did not make a finding of finality in the very words of the rule, he did so in substantial effect. . . . His intent being so clear, it would be bootless to send it back for a better formulation of the appeal formula.")

Furthermore, it was pursuant to a request by the appellants that the order was certified as a final judgment. The appellants cannot now repudiate their earlier attempt at appeal by claiming it to have

been premature, and then on that basis claim the instant appeal to be timely. *Printup v. Smith*, 212 Ga. 501, 502 (93 SE2d 679) (1956). Because the appellants did not appeal within the prescribed thirty-day period, they thereby waived their right of appeal. *Parks v. Atlanta Public School System*, supra at 576. Therefore, the order dismissing the appellants' July 11, 1988, appeal was proper, and Case No. A89A1657 should be affirmed.

2. Since Mr. and Mrs. Cherry failed to file a timely appeal from the "Final Judgment" order as discussed above in Division 1, this court is without jurisdiction to review the trial court's grant of summary judgment as to appellees Hersch and Moseley. *Quarterman v. Quarterman*, 170 Ga. App. 376, 377 (317 SE2d 206) (1983). Therefore, the appeal in Case No. A89A1658 must be and hereby is dismissed.

*Judgment affirmed in Case No. A89A1657. The appeal is dismissed in Case No. A89A1658. Birdsong and Benham, JJ., concur.*

DECIDED NOVEMBER 9, 1989.

*Cherry & Givens, John K. Givens*, for appellants.
*Michael J. Bowers, Attorney General, William B. Hill, Jr., Deputy Attorney General, Daryl A. Robinson, Senior Assistant Attorney General, Cathy A. Cox, Assistant Attorney General, Drew, Eckl & Farnham, Theodore Freeman*, for appellees.