A92A0023. RE-MAX EXECUTIVES, INC. et al. v. WALLACE et al.
(421 SE2d 540)

BIRDSONG, Presiding Judge.

This is a suit for commissions owed for breach of a real estate sales contract. Appellants Re-Max Executives, Inc. and Re-Max North Suburban, Inc. prayed for commissions due in the amount of $10,423 and "reasonable attorney fees and expenses of bringing this litigation." By order of April 16, 1991, the trial court considered appellants' arguments and appellees' counter arguments and awarded summary judgment to plaintiffs. The trial court entitled this ruling thusly: "Final Order." In this "Final Order," the trial court awarded judgment to appellants as a matter of law in the amount of $10,423

"as a brokerage commission due to them." The order did not award attorney fees. Appellants Re-Max did not timely appeal the judgment, or otherwise take exception to it.

However, 50 days later, on June 5, 1991, appellants filed a pleading called "Motion for Attorney Fees," in which they asserted that defendants had no valid defense and that no bona fide controversy existed, and that defendants had put appellants to unnecessary litigation and expense. The motion also averred that defendants/appellees took positions as to which there existed such a complete absence of justiciable issue of law or fact that it could not be reasonably believed that a court would accept the defenses, and that appellees' counterclaims lacked substantial justification and were interposed for purposes of delay, and that the summary judgment was a ruling that appellees' counterclaims and defenses were without merit and legal foundation.

Thereupon, appellants prayed for reasonable attorney fees and expenses under OCGA §§ 13-6-11 and 9-15-14. The denial of this motion is the subject of this appeal. *Held*:

1. Plaintiffs/appellants sought summary judgment "on the entire case and as to each and every issue between plaintiffs and defendants." The trial court failed to grant attorney fees for bad faith in the transaction or stubborn litigiousness under OCGA § 13-6-11, when it granted summary judgment to plaintiff in an order entitled "Final Order," and neither was that issue reserved for trial. The trial court's "Final Order" provides: "Therefore, there existing no genuine issue of material fact, it is hereby ordered and adjudged that plaintiffs' motion for summary judgment is, and the same shall be *granted*. Plaintiffs are entitled to a judgment as a matter of law against defendants in the amount of $10,423 as a brokerage commission due to them under the August 19, 1989 sales contract. So ordered." This judgment was not appealed and neither did appellants seek a clarification of the "Final Order" within the time for appeal. Defendants then filed a "Motion for Attorney Fees."

The trial court denied appellants' "Motion for Attorney Fees" on grounds that the motion was not filed within 30 days of the "Final Order" granting summary judgment for commissions. This can only be construed as a confirmation that the "Final Order" was indeed intended to be "final"; otherwise, we thwart the intention of the trial judge which is clear on the face of the "Final Order." See *Nodvin v. West*, 197 Ga. App. 92, 94 (397 SE2d 581). What appellants failed to do "within 30 days" was file an appeal or other proper exception to the "Final Order" for its failure to award attorney fees under OCGA § 13-6-11. Appellants reasonably inferred that the trial court's failure to award defendants/appellees any damages on their counterclaims for fraud was a final determination and thereupon made a motion for

"frivolous litigation" attorney fees (see OCGA § 9-15-14 (e)), so no reason appears why appellants would inconsistently contend that the award to them of $10,423 without any award of attorney fees for bad faith was not likewise final, where the trial judge clearly held the judgment was the "Final Order."

The trial court's order granting summary judgment to appellants for commissions due was a final judgment within the meaning of OCGA § 9-11-54 (b) because the trial court designated it as such. See *Cherry v. Hersch*, 193 Ga. App. 471, 472 (388 SE2d 64). It is clear the trial court in granting summary judgment to appellants for commissions due intended this "Final Order" to be the "final outcome" of the suit (see *Martin v. Farrington*, 179 Ga. App. 227 (346 SE2d 5)); it did not intend to issue an interlocutory order and did not intend to reserve or defer the issue of attorney fees under OCGA § 13-6-11 (see, e.g., *Henderson v. Smith*, 177 Ga. App. 89, 90 (338 SE2d 520)), but simply did not award any. It was a "final" judgment on all the claims; therefore, it was not necessary for the trial court to issue a certificate of appealability as provided in OCGA § 9-11-54 (b). It was not a judgment as to fewer than all claims or parties under the plain terms of the statute. We will not presume the trial judge did not know the meaning and the full import of the word "final" which she carefully attached to this judgment or that she did so accidentally, since this language has a particular and preeminent significance in connection with a summary judgment and with appealability of judgments. Id. OCGA § 5-6-34 (a) (1) provides: "Appeals may be taken to the Supreme Court and the Court of Appeals from the following judgments and rulings of the superior courts, the constitutional city courts, and such other courts or tribunals from which appeals are authorized by the Constitution and laws of this state: (1) *All final judgments. . . .*" (Emphasis supplied.) In common parlance, a "final" judgment or order is directly appealable by statute. In fact, the trial judge could not have meant anything else by deliberately attaching the words "Final Order" to the judgment. See *Cherry*, supra. We will not assume the use of the word attached to this grant of summary judgment of the plaintiffs on their cause of action and finding defendant's counterclaims to be meritless was a frivolous gesture or a meaningless act.

Cases where we have said that a judgment is not final "absent an express determination that there exists no just cause for delay," pursuant to OCGA § 9-11-54 (b), are not cases where the trial judge has specifically designated the judgment as "final." See, e.g., *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628 (385 SE2d 731), cert. den. 192 Ga. App. 902; *Spivey v. Rogers*, 167 Ga. App. 729 (307 SE2d 677); *Davis v. Roper*, 119 Ga. App. 442 (167 SE2d 685); see also *Wise v. Ga. State Bd. for Exam. &c.*, 244 Ga. 449 (260 SE2d 477); *Patterson v. Professional Resources*, 242 Ga. 459 (249 SE2d 248). Since appellants

did not take exception to the "Final Order" for failing to award attorney fees or timely appeal within 30 days (OCGA § 5-6-34), the grant of summary judgment without attorney fees became final as to all claims and the prayer for attorney fees in the complaint expired where it fell, abandoned by appellants.

2. In addition to attorney fees under OCGA § 13-6-11, plaintiffs after judgment sought attorney fees under OCGA § 9-15-14 for frivolous litigation. A claim under OCGA § 9-15-14 (id., subsection (e)) may be sought within 45 days after judgment. Appellants' motion for attorney fees filed 50 days after judgment was therefore too late.

Appellants' motion for attorney fees under both OCGA §§ 13-6-11 and 9-15-14 was properly denied.

*Judgment affirmed. Sognier, C. J., McMurray, P. J., Carley, P. J., Pope, Cooper, Andrews and Johnson, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

Although I concur in the opinion that attorney fees under OCGA § 9-15-14 were not entertainable because sought too late, I do not concur that the claim under OCGA § 13-6-11 had fallen earlier.

In their complaint, plaintiffs demanded, as separate damages, judgment for "[t]heir reasonable attorney's fees and expenses of litigation." The jury may award such if specially pleaded and prayed for, which plaintiffs did, and where one of the three grounds is proved, which plaintiffs have not yet had an opportunity to do.

After discovery, plaintiffs moved for summary judgment to the degree it was entitled to, either total or partial. See OCGA § 9-11-56 (c) and (d). Only partial summary judgment was possible because, as provided by OCGA § 13-6-11, defendant is entitled to a jury trial on the issue of attorney fees and expenses. *Brannon Enterprises v. Deaton*, 159 Ga. App. 685, 687 (285 SE2d 58) (1981). Recognition of this is borne out by the court's order on summary judgment, which did not address the issue. The court could have done so, to the extent that it could have ruled that plaintiffs were not entitled to attorney fees and expenses as a matter of law. *City of Marietta v. Holland*, 252 Ga. 299, 304 (314 SE2d 97) (1984). Cf. *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761 (2) (403 SE2d 65) (1991). But it did not do so. There is no finding that the evidence precluded such an award. Nor did defendants seek summary judgment on the issue, on this or any other basis.

The issue remained unresolved. This is confirmed by the later order on the motion raising the attorney fees and expenses issue, wherein the court denied it for untimeliness rather than on the basis that it had already been ruled on in the order which was "Final" with respect to the issues then adjudicated. At that time there was no basis

to appeal the OCGA § 13-6-11 question because there was not yet a ruling on it.

The majority reads the "Final Order" as a final judgment "within the meaning of OCGA § 9-11-54 (b)," but that proves the point. Such orders are entered when "one or more but fewer than all of the claims or parties" are adjudicated. As is the case here with respect to claims, that was the case in *Cherry v. Hersch*, 193 Ga. App. 471 (388 SE2d 64) (1989), cited by the majority, with respect to parties.

I am unaware of any requirement that the pending issue had to be pursued within 30 days, the failure of which action was given as the reason for denial. The order relating to OCGA § 13-6-11 should be reversed and the case remanded for disposition of this one remaining issue.

DECIDED JUNE 24, 1992 —
RECONSIDERATION DENIED JULY 27, 1992.

*Brant Jackson, Jr.*, for appellants.
*Johnson & Montgomery, Harry W. MacDougald*, for appellees.