## A99A1026. FINANCIAL INVESTMENT GROUP, INC.
### v. CORNELISON et al.
(516 SE2d 844)

BARNES, Judge.

Financial Investment Group, Inc. ("Financial Investment") directly appeals the trial court's order dismissing four out of five counts in its complaint against four of five named defendants. Because we find the trial court's order was interlocutory and not directly appealable, we dismiss Financial Investment's appeal.

The record shows that Financial Investment sued Harold King, Rex P. Cornelison III, Judy Cornelison, Joe Flesher and Ray Simmons to enjoin a foreclosure sale, determine issues of title and recover money damages. The complaint asserted five theories of recovery in five separate counts: tender (Count 1); clogging and fettering the right of redemption (Count 2); slander of title (Count 3); delivery of quiet title (Count 4); and injunction against foreclosure (Count 5). Defendants Joe Flesher and Ray Simmons filed a counterclaim against Financial Investment with their answers.

Defendants Rex P. Cornelison III and Judy Cornelison separately moved for summary judgment or, in the alternative, to dismiss Financial Investment's complaint. Defendants Joe Flesher and Ray Simmons moved for summary judgment in their favor on all counts of Financial Investment's complaint, as well as partial summary judgment in their favor on Count 1 of their counterclaims.

After a hearing on these motions, the trial court entered an order in favor of these defendants that dismissed Counts 1 and 2 of Financial Investment's complaint because they failed to state a cause of action as a matter of law. When the trial court announced its ruling on these counts at the hearing, it specifically noted that it was not necessary for it to make factual determinations to dismiss these counts.

The trial court also dismissed Counts 4 and 5 because Financial Investment lacked standing to bring the claims asserted in these

counts. With regard to Count 3, the trial court gave Financial Investment seven days from the date of its order to properly plead a cause of action for slander of title. It further stated that it would grant a dismissal on Count 3 if Financial Investment failed to properly amend its complaint within this time period. Finally, the trial court denied Flesher's and Simmons' motions for partial summary judgment on their counterclaims. The trial court did not designate its order on these motions as a final judgment and did not expressly determine "that there is no just reason for delay." See OCGA § 9-11-54 (b).

In this direct appeal, Financial Investment asserts that the trial court erred when it dismissed Counts 1, 2, and 4 of its complaint against Rex Cornelison, Judy Cornelison, Joe Flesher, and Ray Simmons. Appellees contend this appeal should be dismissed because a direct appeal under OCGA § 5-6-34 is not authorized. We agree.

OCGA § 9-11-54 (b) provides:

*Judgment upon multiple claims or involving multiple parties.* When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

In this case, the trial court's order dismisses only a portion of the plaintiff's complaint against a portion of the named defendants. Additionally, the counterclaims of two defendants remain to be adjudicated below.

Because the trial court's order does not include the express determinations required by OCGA § 9-11-54 (b) and Financial Investment failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), we do not have jurisdiction and accordingly dismiss this appeal. *Hadid v. Beals*, 233 Ga. App. 5 (502 SE2d 798) (1998). In so holding, we note that a direct appeal under OCGA § 9-11-56 (h) is not available in this case because matters in abate-

ment, such as standing and real party in interest issues, cannot form a proper basis for entry of summary judgment. See *Church v. Bell*, 213 Ga. App. 44, 45 (443 SE2d 677) (1994).

*Appeal dismissed. Blackburn, P. J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 28, 1999 —
RECONSIDERATION DENIED MAY 25, 1999.

*Morris & Witcher, Robert P. Witcher, Joseph H. King, Jr.*, for appellant.

*Cornelison & Van Gelderen, Rex P. Cornelison III*, for appellees.

