## S08A1062. RHYMES et al. v. EAST ATLANTA CHURCH OF GOD, INC.

(663 SE2d 670)

CARLEY, Justice.

Appellee East Atlanta Church of God, Inc. filed a "complaint for damages and injunctive relief and petition to quiet title" against Appellants Clifford Rhymes and Phillip Gant. The claim of quiet title against all the world is based upon OCGA § 23-3-60 et seq. However, the complaint, as amended, also specifies several other claims, including the following:

> *Count II* . . . : Rhymes has converted personal property and U.S. currency belonging to [Appellee] and has failed to account for same and [Appellee] is entitled to an accounting of all such property and funds in the possession of Rev. Rhymes at any time heretofore. *Count III* . . . : [Appellants] have confiscated and sold a 2000 Buick LeSabre owned by [Appellee] and have refused to account for the funds from the sale on said vehicle to [Appellee]. . . . [Appellee] is . . . entitled to a temporary and permanent injunction ordering both [Appellants] to account for the funds from the sale of that 2000 Buick LeSabre. *Count IV* . . . : [Appellee] shows the court that it will suffer immediate and irreparable damage and loss unless this court issues a temporary and permanent injunction commanding . . . Rhymes to vacate the premises of [Appellee and] . . . to account for all property and funds of [Appellee] heretofore in the possession of . . . Rhymes. *Count V* . . . : Both [Appellants] have been stubbornly litigious in the transactions out of which this civil action arose, and have caused [Appellee] unnecessary trouble and expense. [Appellee] is thereby entitled to recover its expenses of litigation including reasonable attorney's fees from both [Appellants] and their attorney.

The petition to quiet title was submitted to a special master pursuant to OCGA § 23-3-63. The special master conducted an evidentiary hearing and filed a report of his findings. Appellants filed exceptions to the special master's order and report, as well as certain other pleadings in which they sought a jury trial. The trial court adopted the special master's report and held that title to the real property at issue is vested in Appellee. In a separate order, the trial court found that Appellants failed to request a jury trial pursuant to OCGA § 23-3-66 prior to the special master's hearing, and granted a motion to strike Appellants' pleadings in that regard. Appellants filed a notice of direct appeal.

OCGA § 5-6-34 (a) (1) provides, in relevant part, that a direct appeal may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below. . . ." This case is still pending below, because only the quiet title claim has been addressed.

> When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . , and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . . .

OCGA § 9-11-54 (b).

> As this is a case " 'involving multiple . . . claims, a decision adjudicating fewer than all the claims . . . is not a final judgment. (Cit.) In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) (cit.) or there must be compliance with the requirements of OCGA § 5-6-34 (b) (cit.). Where neither of these code sections (is) followed . . . , the appeal is premature and must be dismissed.' " [Cit.] Neither of these procedures was followed in this case . . . .

*Whiddon v. Stargell*, 192 Ga. App. 826, 827 (386 SE2d 884) (1989). The trial court neither expressly determined that there is no just reason for delay nor expressly directed the entry of final judgment. The order adopting the special master's report was denominated "Final Judgment and Order." Under the express language of OCGA § 9-11-54 (b), however, "the mere designation of a judgment as 'final' is not controlling. [Cit.]" *Hadid v. Beals*, 233 Ga. App. 5, 6 (502 SE2d 798) (1998). "Whether an order is final and appealable is judged by its function and substance, rather than any 'magic language.' [Cit.]" *Hughey v. Gwinnett County*, 278 Ga. 740, 741 (1) (609 SE2d 324) (2004). So judged, the order adopting the special master's report adjudicated only the quiet title claim. Nothing in that order expressly, or by necessary implication, constitutes an adjudication of the other claims presented in the amended complaint. Compare *Fraser v. Moose*, 226 Ga. 256 (174 SE2d 412) (1970); *Re-Max*

*Executives v. Wallace*, 205 Ga. App. 170, 171 (1) (421 SE2d 540) (1992). To the extent that *Re-Max*, supra at 172 (1), holds that the designation of a judgment as "final" is controlling, it is hereby overruled. See McFadden, Brewer & Sheppard, *Ga. Appellate Prac.* § 10-7 (2nd ed. 2002) (criticizing *Re-Max* as failing to apply the better rule). Furthermore, the trial court's order on the motion to strike does not constitute the requisite final adjudication of all claims. In that order, the trial court only determined that Appellants had waived their right to a jury trial under OCGA § 23-3-66, and not that any of the claims themselves had been waived or otherwise disposed of.

Appellants argue that the special master had "complete jurisdiction within the scope of the pleadings" under OCGA § 23-3-66 and that Appellee conceded below that the special master decides all the issues in the case unless there is a demand for a jury trial. However, the special master has jurisdiction only

> to ascertain and determine the validity, nature, or extent of petitioner's title and all other interests in the *land, or any part thereof,* which may be adverse to the title claimed by the petitioner, or to remove any particular cloud or clouds upon the title to the land and to make a report of his findings to the judge . . . . (Emphasis supplied.)

OCGA § 23-3-66. Thus, the special master is authorized to address all those issues which are related to the petition to quiet title, and does not have jurisdiction to address any of the other claims. Appellee has not made, and cannot make, any concession contrary to this principle of law. For the same reasons, the trial court's reference, in its order on the motion to strike, to the special master's hearing of the "issues" does not indicate that any issues other than those related to the quiet title claim have already been resolved.

Appellants also argue that Appellee abandoned all of its claims other than quiet title. Contrary to Appellants' argument, Appellee clearly did not abandon those claims by failing to raise them during the special master's hearing, because, as discussed above, that hearing was limited to the quiet title claim. Nor did Appellee abandon the remaining claims in any other manner. Moreover, even if some action of Appellee showed an intent to abandon those claims, they are nevertheless still pending since the trial court has not yet made any decision regarding the abandonment or waiver of any claim. There was no such decision reflected in its order on the motion to strike, and the trial court has not dismissed any claims or granted summary judgment thereon. If Appellants believed that the claims other than quiet title had been waived or abandoned, they could have

invoked a ruling on that issue by the trial court. One course of action available to Appellants would have been to file a motion pursuant to OCGA § 9-11-41 (b) to dismiss the remaining claims for failure to prosecute so that the trial court could exercise its discretion in that respect. See Hardy Gregory, Jr., *Ga. Civil Practice* § 6-6 (B) (2d ed. 1997). However, in the absence of an appropriate decision by the trial court regarding abandonment or waiver, the claims other than quiet title must be considered to remain pending.

> Because the trial court's order does not include the express determinations required by OCGA § 9-11-54 (b) and [Appellants] failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), we do not have jurisdiction and accordingly dismiss this appeal. [Cit.]

*Financial Investment Group v. Cornelison*, 238 Ga. App. 223, 224 (516 SE2d 844) (1999).

The request of Appellants pursuant to Supreme Court Rule 6 for the imposition of a penalty for frivolous appeal is hereby denied.

*Appeal dismissed. All the Justices concur.*

DECIDED JULY 7, 2008.

*McGuire Woods, Curtis L. Mack, Chandra Furaha C. Davis*, for appellants.

*William T. Payne, Miles S. Cowan*, for appellee.