# Court of Appeals
# of the State of Georgia

ATLANTA,  March 23, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0191. MALEY et al. v. THE POINT PROPERTY OWNERS ASSOCIATION OF SUNBURY, INC. et al.**

Barney and Elaine Maley filed an abusive litigation action under OCGA § 51-7-80 et seq. against multiple defendants, including Joe Martin and The Point Property Owners Association of Sunbury, Inc. ("PPOA"). The trial court granted the defendants' motion to dismiss, and the Maleys filed this appeal. We lack jurisdiction because Martin's cross-claim against PPOA remains pending.

Along with his answer to the Maleys' complaint, Martin filed a cross-claim against PPOA, alleging that PPOA is obligated to indemnify, defend, and hold Martin harmless from all claims arising from his service as a board member, including the claims asserted by the Maleys in the abusive litigation action. Martin alleged that by failing to defend and indemnify him, PPOA breached its contractual and other obligations to him, entitling him to damages and bad faith attorney fees. Nothing in the trial court's order dismissing the Maleys' complaint—or elsewhere in the appellate record—resolves Martin's cross-claim expressly or by implication entire record

OCGA § 5-6-34 (a) (1) provides that a direct appeal may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below. . . ." This case is still pending below because Martin's cross-claim has not been addressed.

As this is a case involving multiple claims, a decision adjudicating fewer than all the claims is not a final judgment. In such circumstances, there must be an express determination [of finality] under

OCGA § 9-11-54 (b) or there must be compliance with the [interlocutory appeal] requirements of OCGA § 5-6-34 (b). Where neither of these [C]ode sections is followed, the appeal is premature and must be dismissed. Neither of these procedures was followed in this case.

*Rhymes v. East Atlanta Church of God*, 284 Ga. 145, 146 (663 SE2d 670) (2008) (citation and punctuation omitted). "Because the trial court's order does not include the express determinations required by OCGA § 9-11-54 (b) and (the Maleys) failed to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34 (b), we do not have jurisdiction and accordingly dismiss this appeal." Id. at 148.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  03/23/2022*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____, *Clerk.*