# Court of Appeals
# of the State of Georgia

ATLANTA,  April 28, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1524. DORREN MILLER v. ALDRICH SANGANOO et al.

Dorren Miller filed this civil action against Aldrich Sanganoo, State Farm Mutual Automobile Insurance Company ("State Farm"), and Magnum Collision Center, Inc. ("Magnum"). Magnum asserted counterclaims against Miller for breach of contract and quantum meruit. The trial court issued a "Final Order" dismissing Miller's claims against Sanganoo and State Farm and entering judgment in favor of Magnum as to Miller's claims. Miller then filed this direct appeal. We lack jurisdiction because there is no indication that the trial court has resolved Magnum's counterclaims.

Under OCGA § 5-6-34 (a) (1), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." Of course, in cases "involving multiple parties or multiple claims, a decision adjudicating fewer than all the claims or the rights and liabilities of less than all the parties is not a final judgment." *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989) (punctuation omitted). Under such circumstances, there must be either an express determination that there is no just reason for delay under OCGA § 9-11-54 (b) or compliance with the interlocutory appeal procedures of OCGA § 5-6-34 (b). See id. "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Here, although the trial court's order resolved all of Miller's claims, there is no indication that the court has resolved Magnum's counterclaims, which appear to remain pending. The court's designation of the order as "final" is not controlling,

because whether an order is final and appealable is judged by its function and substance rather than any "magic language." See *Rhymes v. East Atlanta Church of God*, 284 Ga. 145, 146 (663 SE2d 670) (2008). And there is no indication in the court's order that it was directing judgment under OCGA § 9-11-54 (b). Thus, Miller was required to follow the interlocutory appeal procedures to obtain appellate review at this juncture. See *Johnson*, 192 Ga. App. at 629. Miller's failure to do so deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  04/28/2025      *

      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*