**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten days**
**of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 15, 2026**

# In the Court of Appeals of Georgia

A25A2167. MUHAMMAD et al. v. CLAYTON COUNTY et al.

PADGETT, Judge.

This appeal stems from a motor vehicle crash that severely injured pro se plaintiffs Stanley and Ruth Muhammads' (the "Muhammads") then seven-year-old child, A. M. The Muhammads and third-party defendant, Safiyyah Muhammad, appeal the trial court's orders granting summary judgment and dismissing their complaint against defendants Mercedes Benz USA, LLC ("MBUSA"), Clayton County, and Christopher Stripling (collectively, "Defendants"). For the reasons set forth below, we lack jurisdiction over this untimely appeal, and thus, it must be dismissed.

Summary adjudication is only proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant of summary judgment and view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*E. P. Properties, Inc. v. Wright*, 375 Ga. App. 83, 84 (913 SE2d 740) (2025) (quotation marks omitted).

Viewed in this manner, the record shows that in May 2016, a Clayton County fire truck, operated by Stripling, collided with a 2006 Mercedes Benz C230 sedan driven by Safiyyah Muhammad. Safiyyah's seven-year-old sister, A. M., who weighed approximately 48 pounds, was sitting in the front passenger seat of the car. A. M. was wearing a seat belt but was not in a child restraint or booster seat. Upon impact, the front passenger seat airbag did not deploy. A. M. sustained brain trauma and other serious injuries.[1] Tragically, in January 2022, A. M. died.

In 2018, the Muhammads filed suit in state court against the Defendants, raising negligence and strict product liability claims. In response, MBUSA filed a complaint adding Safiyyah as a third-party defendant. Early in the litigation, the trial court dismissed the claims against Stripling via a consent motion. A few months later,

---

[1] Safiyyah's and A. M.'s ten-year-old sister, M. M., was secured by a seat belt in the rear seat of the vehicle and did not suffer any significant injuries.

in December 2018, the trial court granted summary judgment in favor of Clayton County, after determining that the crash was a result of Safiyyah running a red traffic light.

After a series of judicial recusals,[2] MBUSA filed a partial motion for summary judgment in 2021, arguing, among other things, that apart from the negligent failure to warn claim,[3] the statute of repose[4] barred the Muhammads' product liability and negligence claims, and the trial court granted the motion. MBUSA then filed a motion seeking summary judgment on the remaining failure to warn claim, which the trial court granted on April 3, 2025, dismissing the case with prejudice.[5] At the time

---

[2] According to the record, seven judges, including all the Clayton County state court judges, presided over this case between December 2018 and March 2019, when the case was assigned to Judge Alvin T. Wong of the State Court of DeKalb County.

[3] The Muhammads' complaint alleged that MBUSA was negligent in failing to warn that the front passenger side airbags in its 2006 C230 sedans had a manufacturing defect that could result in the failure of the airbags to deploy during a collision.

[4] Georgia's statute of repose provides that for product liability claims, "[n]o action shall be commenced . . . with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury." OCGA § 51-1-11(b)(2). Subsection (c) extends the statute of repose to negligence claims against manufacturers.

[5] In so ruling, the trial court found that then seven-year-old A. M. was seated in the front passenger seat of the vehicle without a proper child restraint in violation of Georgia law, see OCGA §§ 40-8-76(b)(1) and (b)(1)(B), that MBUSA provided adequate warnings in the car's owner's manual and other literature that a child under

of the trial court's ruling, the Muhammads were represented by attorneys Asten O. Hall and Thomas G. Sampson, II.[6]

After final judgment, the Muhammads filed a pro se pauper's affidavit and, on May 1, 2025, a pro se notice of appeal, seeking to challenge, among other rulings, the trial court's April 3 order granting MBUSA final summary judgment, the trial court's order granting Clayton County summary judgment and its refusal to set aside the same, and the order dismissing Stripling from the case. MBUSA filed a motion to dismiss the Muhammads' post-judgment filings on May 30, arguing that "[p]ro se filings by a represented party are a nullity." The same day, Hall filed a motion to withdraw as counsel and, three days later, on June 2, Sampson filed his motion to withdraw from representation. The trial court orally denied MBUSA's motion at a June 2 hearing, observing that "Mr. Sampson [sic] and Ms. Hall's legal obligation

---

12 years of age should be seated in a child restraint seat in the rear of the car, and that Safiyyah admitted in a deposition that she did not read the owner's manual. Moreover, the trial court ruled that while the December 2018 order granting summary judgment to Clayton County was based on "erroneous evidence" of Safiyyah running a particular red light, summary judgment was nevertheless appropriate because the evidence showed that Safiyyah ran a "different red light" that resulted in the collision. The order also applied to Safiyyah's counterclaims against MBUSA.

[6] By our count, Hall and Sampson are the fifth and sixth attorneys, respectively, to have represented the Muhammads during this litigation. The trial court issued orders permitting the four prior attorneys to withdraw from representation.

concluded when the [c]ourt dismissed the case with prejudice." On June 4, the trial court memorialized its oral ruling in an order stating:

> Although not necessary as their representation of the Plaintiffs and Third-Party Defendant concluded when the case was dismissed with prejudice, withdrawal motions of Asten O. Hall, Esq. and Thomas G. Sampson II, Esq. are granted.

On June 5, the Muhammads filed a pro se amended notice of appeal and a second amended notice of appeal on June 17.

As a threshold matter, we must first consider our jurisdiction. See *Duffy v. Sanders*, 354 Ga. App. 684, 684 (841 SE2d 415) (2020) ("It is well established that this Court has a solemn duty to inquire into our jurisdiction to review the errors enumerated on appeal, and it is a duty we do not take lightly." (quotation marks omitted)). Relying principally on our decision in *Romich v. All Secure, Inc.*, 361 Ga. App. 505 (863 SE2d 179) (2021), the Defendants collectively moved to dismiss this appeal, contending that the Muhammads' May 1 pro se notice of appeal filed while they were represented by counsel had no legal effect, that their June 5 amended notice of appeal was untimely, and consequently, that we lack jurisdiction over this appeal.

Georgia law is well settled that the right to appeal is not constitutional, but instead depends on statutory authority. The provisions of the law respecting the procedure to be followed in perfecting appeals to this Court are jurisdictional, and unless this Court has jurisdiction of a case, it is without power or authority to render a judgment upon review. The jurisdiction of an appellate court to consider an appeal depends upon whether the appeal is taken in substantial compliance with the rules of appellate procedure prescribing the conditions under which the judgment of the trial court may be considered appealable.

*Clay v. State*, 370 Ga. App. 482, 484(1) (897 SE2d 886) (2024) (quotation marks omitted).

Ordinarily, a notice of appeal must be filed within 30 days of entry of the judgment or trial court order sought to be appealed. OCGA § 5-6-38(a). "In the absence of a timely filed notice of appeal, this Court is without jurisdiction to consider the merits of the case, and the appeal in [the] case must be dismissed." *Parker v. Robinson*, 337 Ga. App. 362, 364(1) (787 SE2d 317) (2016) (citation modified).

In *Romich*, after the trial court granted summary judgment to the defendants, counsel for plaintiff Romich filed a notice of withdrawal. *Romich*, 361 Ga. App. at 505. The trial court, however, never entered an order permitting the withdrawal. Id. Romich subsequently filed a pro se notice of appeal. Id. Because the record contained

no indication that the trial court had relieved Romich's counsel from representation, we held that Romich's pro se notice of appeal was a "legal nullity." Id. In dismissing the appeal for lack of jurisdiction, we explained that in civil cases,

> a layperson does not have the right to represent herself and also be represented by an attorney. As a result, a party cannot attempt to represent herself by filing pro se pleadings, while at the same time she is represented by counsel of record. Indeed, a formal withdrawal of counsel cannot be accomplished until after the trial court issues an order permitting the withdrawal. And until such an order is properly made and entered, no formal withdrawal can occur and counsel remains counsel of record.

Id. (citation modified).

Here, contrary to the trial court's conclusionary position, Hall's and Sampson's representation of the Muhammads did not end "when the case was dismissed with prejudice." See *Romich*, 361 Ga. App. at 505. Although the record contains internal communications between the Muhammads, Hall, and Sampson prior to May 1 regarding the termination of their respective representation, the fact remains that a formal withdrawal of counsel did not occur until, at the earliest, the June 2 post-judgment hearing. Cf. *Walker v. State*, 308 Ga. 749, 753(1) (843 SE2d 561) (2020) (holding that while it may have been preferable for the trial court to sign and file a written order granting appellant's request to proceed pro se, the trial court's on-the-record finding that appellant had freely, intelligently, and knowingly

elected to waive his right to counsel and to represent himself was sufficient to make subsequent pro se filings effective), disapproved of on other grounds by *Johnson v. State*, 315 Ga. 876, 889(3) n.11 (885 SE2d 725) (2023). Nor does the record reflect that the Muhammads sought or were granted an extension of time in which to file their amended notice of appeal. See OCGA § 5-6-39(a)(1). It follows, then, that the Muhammads' May 1 pro se notice of appeal while represented by counsel was a legal nullity, and that their June 5 amended notice of appeal — filed 63 days after the trial court's April 3 order — was untimely to confer jurisdiction upon this Court. E.g., *Romich*, 361 Ga. App. at 505; *In the Interest of N. C.*, 358 Ga. App. 379, 379 (855 SE2d 379) (2021) (dismissing appeal when pro se appellant filed notice of appeal prior to the trial court issuing order permitting counsel to withdraw). See also OCGA § 5-6-48(b)(1) (authorizing dismissal of an appeal due to an appellant's failure to timely file a notice of appeal); *Quarterman v. Quarterman*, 170 Ga. App. 376, 376–77(1) (317 SE2d 206) (1983) (holding that notice of appeal filed approximately two and a half months after entry of orders granting summary judgment was untimely, and dismissing appeal).

We are cognizant that in the interim between *Romich* and the case at bar, our Supreme Court rendered its decision in *Johnson*, supra, holding that, *in the criminal context*, a pro se filing by a counseled defendant is not always a legal nullity and that

"a court has the discretion to recognize a timely and otherwise procedurally proper pro se filing made by a defendant who is still formally represented by counsel." *Johnson*, 315 Ga. at 890(4). This discretion extends to appellate courts. Id. at 891(4) n.15 ("[T]he decision whether to recognize a pro se notice of appeal remains one for appellate courts to make."). Notably, while *Johnson* either disapproved or overruled some of the decisions cited in *Romich* to the extent that they held that a pro se filing by a counseled defendant is a per se legal nullity, see *Johnson*, 315 Ga. at 889(3) n.11, *Romich* itself was not disapproved or overruled. Accordingly, *Romich* remains binding precedent, and in light thereof, we determine that dismissal of this appeal for lack of jurisdiction is appropriate for the reasons discussed above.[7] See Ga. Const. of 1983, Art. VI, Sec. V, Par. III ("The decisions of the Court of Appeals insofar as not in conflict with those of the Supreme Court shall bind all courts except the Supreme Court as precedents."); *White v. State*, 305 Ga. 111, 121(3) (823 SE2d 794) (2019) (holding that panels of the Court of Appeals are bound to follow its earlier decisions

---

[7] Given our holding, we deny the Muhammads' December 2025 and January 2026 pro se motions: (i) for clarification of order denying leave to file an amended reply brief; (ii) for reconsideration of our denial of their motion to file an amended reply brief; (iii) for providential cause for the late filing of the same; (iv) amended motion to deny appellees' joint motion to dismiss and for sanctions; (v) for leave to file an amended brief; and (vi) second amended motion to deny appellees' joint motion to dismiss.

"until such time as the older law was properly overruled by that court or reversed or overruled by [the Supreme] Court").

The Defendants' motion to dismiss is thus granted.

*Appeal dismissed. Doyle, P. J., and Markle, J., concur.*