# Court of Appeals
# of the State of Georgia

ATLANTA,  May 14, 2026

*The Court of Appeals hereby passes the following order:*

## A26A1861. KEITH SORGELOOS et al v. GREGORY KERMIT WELBORN et al.

In this construction contract dispute, Keith and Andrea Sorgeloos filed a complaint against defendants Gregory Kermit Welborn and Greg Welborn Construction, LLC ("GWC"). Each defendant filed a motion to dismiss. The trial court granted Gregory Welborn's motion and dismissed the counts against him. In a separate order, the trial court granted GWC's motion in part and dismissed four counts against it, leaving two counts against GWC remaining. The Sorgelooses then filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-34(a)(1)(B), appeals generally may be taken from "[a]ll final judgments, that is to say, where the case is no longer pending in the court below." An order is final "where it leaves no issues remaining to be resolved, constitutes the court's final ruling on the merits of the action, and leaves the parties with no further recourse in the trial court" *Paine v. Nations*, 301 Ga. App. 97, 99(1) (686 SE2d 876) (2009) (citation and punctuation omitted). Here, the trial court's order did not resolve two counts against GWC. Under these circumstances, the Sorgelooses could appeal only if they complied with the interlocutory appeal procedures of OCGA § 5-6-34(b) or if the trial court expressly determined that there was no just reason for delay under OCGA § 9-11-54(b). *Johnson v. Hosp. Corp. of Am.*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). "Where neither of these code sections [is] followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

Because this case remains pending below, the Sorgelooses did not follow the interlocutory appeal procedures, and the trial court did not enter judgment in accordance with OCGA § 9-11-54(b), we are without jurisdiction to consider this appeal. Although the trial court stated "[t]his is a Final and Appealable Order," it did not make "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment" pursuant to and as required by OCGA § 9-11-54(b). See *Rhymes v. E. Atlanta Church of God, Inc.*, 284 Ga. 145, 146 (663 SE2d 670) (2008) (reciting established principle that "the mere designation of a judgment as final is not controlling."). Consequently, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  05/14/2026*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , Clerk.